## SOL JACOBS v. THE STATE.

### No. 2252. Decided December 19, 1900.

**1. Forgery and Uttering Forged Instrument—Judgment.**

While article. 549a, Penal Code, provides that the offenses of forgery and uttering a forged instrument may be charged in separate counts in the same indictment, and prosecuted together to final judgment, it further expressly provides that the judgment of conviction in such case shall specify of which offense or under which count defendant is found guilty, etc. This is imperative, and a judgment not specifying the offense or the count upon which defendant is found guilty can not stand.

**2. Same—Verdict.**

Where the indictment charges, in separate counts, forgery and uttering a forged instrument, a general verdict may be applied to either count, as the case may be, but the judgment must specify the count, or state of which offense defendant has been found guilty.

**3. Same—Sentence.**

In a prosecution for forgery and uttering a forged instrument, the sentence must follow the judgment and specify the offense of which the defendant has been found guilty.

**4. Indictment—Impossible Date.**

Where a motion was made to quash the indictment because it alleged an imposible date, and it appeared that the motion was based upon the fact that the word 'two' had been obliterated and word "eight" written over it, making the date one thousand eight hundred and ninety-eight; Held, the motion was properly overruled.

**5. Evidence—Res Inter Alios.**

Conversations between third parties, in no way connected with defendant, and of which conversations he does not know, are res inter alios acta, and can not, in the nature of things, bind defendant, and are not admissible as evidence against him.

**6. Evidence—Supporting a Witness by Proof of General Reputation for Truth and Veracity.**

Where there is a mere conflict between the testimony of the State and defendant's witnesses, it is error to admit testimony bolstering up the testimony of a witness, and there is no rule, where there is simply a conflict of testimony, which permits a witness to be supported by proof that his general reputation is good.

**7. Evidence—General Reputation for Truth, Etc.—Predicate.**

The trial court should be careful to see that a proper predicate is laid before permitting witnesses to testify to general reputation.

Vol. 42 Crim. Rep.—23.

**8. Best Evidence—Books of Account.**

It is error to permit a witness to testify to his remembrance of the contents of books of account, when no predicate has been laid showing said books were lost or destroyed. The books themselves, being the best evidence, should be introduced unless it is impossible to produce them.

APPEAL from the Criminal District Court of Harris. Tried below before Hon. A. C. ALLEN.

Appeal from a conviction under an indictment which charged both forgery and uttering a forged instrument; penalty, two years imprisonment in the penitentiary.

The instrument charged to have been forged and uttered reads as follows, viz: "$500.   Houston, Texas, Oct. 19th, 1897.   For value received, four months after date, I promise to pay to the order of myself at Houston, Texas (grace waived) five hundred dollars in U. S. gold coin of the present standard weight and fineness, with interest at the rate of 10 per cent per annum from maturity and 10 per cent additional on the full amount due if placed in the hands of an attorney for collection.  No. —.  Due —.  Sol Jacobs," upon the face thereof and upon the back and reverse side thereof "Sol Jacobs." "L. M. Rich."   The particulars of said false instrument in writing which the said Sol Jacobs is charged with making without lawful authority and with intent to injure and defraud being "L. M. Rich" upon the back and reverse side thereof.

It is alleged that the instrument was passed by defendant to one E. C. Smith, who was the prosecuting witness at the trial.   At the trial, defendant testified that, at the time he delivered the note to Smith, the name of L. M. Rich was not written upon the back of it. Smith had testified that, at the time he received it from defendant, Rich's name was indorsed upon it.   The court permitted the State to prove that the general reputation of Smith for truth and veracity, in the community in which he lived, was good; and permitted various witnesses, over defendant's objection, to prove that his, defendant's, general reputation for truth and veracity, in the community in which he lived, was bad.

*Brockman & Kahn* and *Wm. Sorley,* for appellant, filed an elaborate printed brief of eighty-eight pages.   The following excerpts are pertinent to the questions discussed in the opinion.

"The court erred in overruling defendant's exceptions and motion to quash the indictment herein, and in requiring defendant to answer to said indictment: (1) Because said indictment alleges an impossible date, in this, that the date of the commission of the offense is alleged to have been on the 19th day of October, 'eighteen hundred and ninety-two eight;' and (2) because said indictment is duplicitous, in that it contains two separate counts of forgery and two separate counts of passing forged instruments, which are repugnant to, and irreconcilable with, each other."

"An indictment which alleges that the offense charged was committed on an impossible date, or an unintelligible date, or no date at all, or a date which bars a prosecution, or a date subsequent to the indictment, is fatally defective and will not support a prosecution. Blake v. State, 3 Texas Crim. App., 149; Brewer v. State, 5 Texas Crim. App., 248; Collins v. State, 5 Texas Crim. App., 37; Hefner v. State, 16 Texas Crim. App., 573; Robles v. State, 5 Texas Crim. App., 358; Goddard v. State, 14 Texas Crim. App., 556; Drummond v. State, 4 Texas Crim. App., 150; Jennings v. State, 30 Texas Crim. App., 428."

"The court erred in permitting the witness E. C. Smith, over defendant's objection, to testify that he went to the South Texas National Bank, where he negotiated the alleged forged note, and that he told said bank that the name of L. M. Rich upon said note was a forgery."

"The statement in this assignment made by E. C. Smith to the South Texas National Bank that the indorsement of L. M. Rich on said note was a forgery was inadmissible under any rule of evidence known in law. Gonzales v. State, 16 Texas Crim. App., 154; McWilliams v. State, 44 Texas Crim. Rep., 116; Haynie v. State, 2 Texas Crim. App., 174; Draper v. State, 22 Texas Crim. App., 404."

"The court erred in permitting the witness E. C. Smith to testify, over defendant's objection, that on the morning of October 19, 1897, and just after defendant had handed the witness the alleged forged note, that witness took said note to the Commercial National Bank in the city of Houston and offered it for discount, and that said bank refused to accept said note, not because the indorser thereon was not deemed good, but for other reasons."

"Said testimony was inadmissible for any purpose, and upon any ground, and its admission by the court was calculated to, and probably did influence and prejudice the jury to defendant's injury. Anderson v. State, 14 Texas Crim App., 49; Fuller v. State, 19 Texas Crim. App., 380."

"The court erred in allowing the State, over defendant's objection, to prove by the witness T. C. Dunn, that he knew the reputation of E. C. Smith for truth and veracity in the community in which he lived, and that such reputation was good, because defendant had not adduced any proof that justified the admission of proof to sustain said witness' credibility. Bailey v. State, 9 Texas Crim. App., 98."

"The court erred in permitting the State to make proof over defendant's objections by each of the witnesses following viz: Cabeen Blake, O. F. Schultz, J. E. McAshan, W. B. Chew and W. H. Palmer, that the general reputation of E. C. Smith for truth and veracity is good, because defendant had offered no proof to justify the introduction of said testimony."

"The defendant had not introduced any evidence impeaching E. C. Smith for truth and veracity; all the testimony offered by de-

fendant for that purpose having been ruled out by the court, and consequently it was not competent for the State to introduce evidence in regard to Smith's reputation for truth and veracity."

"The court erred in permitting the witness F. C. Connor to testify for the State, over the defendant's objection, as to what the Southern Shoe Company owed defendant, because said evidence was not the best evidence, the witness having stated that he derived his information from the books of the company, defendant insisted that the books were the proper and best evidence of what they might contain, and there being no evidence as to their being destroyed or incapable of production. 1 Greenl. on Ev., 15 ed., p. 126; Hunter v. State, 13 Texas Crim. App., 16; Wyers v. State, 13 Texas Crim. App., 57."

"The rule that 'the best evidence of which a case in its nature is susceptible, must always be produced,' is one of the fundamental rules of evidence, and we submit that the best evidence of what the books of the Southern Shoe Company showed them to owe defendant was the books themselves, and unless the failure to produce said books was properly accounted for, secondary evidence of their contents could not be admitted."

*Rob't A. John,* Assistant Attorney-General, for the State. [No briefs for the State found with the record.—Reporter.]

BROOKS, JUDGE.—Appellant was convicted under an indictment charging forgery and uttering a forged instrument. The charge of the court submitted both counts, and the verdict of the jury was as follows: "We, the jury, find defendant guilty, and assess his punishment in the State penitentiary for two years. [Signed] Geo. C. Davis, Foreman." The judgment recites the court adjudged defendand "guilty of the offense as found by the jury." The final sentence of the court states: "It is the order of the court that defendant, Sol Jacobs, who has been adjudged guilty of the offense as found by the jury, whose punishment has been assessed by the verdict of the jury at confinement in the penitentiary for two years," etc. Thus, it appears from the verdict, judgment, and sentence there is nothing to indicate of what appellant was found guilty. Article 549a, Penal Code, provides: "A conviction for any of the offenses mentioned in articles 530, 542, and 544 of this Code shall be a bar to any other prosecution under said articles based upon the same transaction or same forged instrument of writing, provided that one or more of said several offenses may be charged by separate counts in the same bill of indictment and prosecuted together to final judgment, without election by the State as to which it relies upon for conviction; and, provided further, the judgment of conviction shall specify which offense or under which count defendant is found guilty, and shall assess but one penalty, not exceeding the greatest punishment fixed by law to the highest grade of offense of which defendant is convicted."

From this article it appears that the letter and spirit of this statute have been violated by the trial court. It is not necessary, as contended by appellant, that the jury should say in their verdict of what offense appellant is convicted, but the statute makes it imperative upon the trial court, in entering the judgment of conviction, to specify of which offense or under which count defendant is found guilty. In this connection, appellant refers to Carr v. State, 36 Texas Criminal Reports, 3. We there held that, where an indictment for forgery contains two counts, one for forgery and the other for uttering or passing the forged instrument, an election between the counts can not be required, and where both counts are submitted, and the evidence supports both, a general verdict can be entered upon either one of the counts. Appellant further insists that this contravenes the above quoted statute. We do not agree with this, but think the decision referred to is in line and in harmony with the statute, since the statute does not inhibit the jury from returning a general verdict where there is a count both for forgery and uttering a forged in-- strument, but the statute makes it the duty of the court, in entering judgment and sentence, to recite of which offense defendant is adjudged guilty. Nor do we think this statute invades the province of the jury, where they return a general verdict of so many years in the penitentiary. The penalty not exceeding the greatest punishment fixed by law to the highest grade of offense of which defendant is convicted, it is a mere legal form for the court to designate to which offense in the indictment the punishment must be assessed. Carr v. State, 6 Texas Criminal Appeals, 417, which appellant in his brief relies upon, was decided under the old statute, prior to the passage of the present one, and has no application to the question at issue. The question here involved was decided adversely to appellant's contention in Lovejoy v. State, 40 Texas Criminal Reports, 89. There we held that the acts of the court in the premises were upheld by the common-law precedents. Our attention at that time was not called to the statute quoted above, but certainly the statute amply authorizes such action on the part of the court.

The judgment of the court does not declare defendant guilty of any particular offense. This should have been done, and the sentence should have followed the judgment.

Motion to quash the indictment was made on the ground that it alleges an impossible date. The indictment itself does not bear out this contention. The date is there alleged as follows: "The 19th day of October, in the year of our Lord one thousand eight hundred and ninety-eight." The word "eight" is written over the word "two," which word has been obliterated and blotted out. We do not think the court erred in overruling this motion. Appellant's eighth assignment is that the court erred in permitting E. C. Smith, over his objections, to testify that he went to the South Texas National Bank, where he negotiated the alleged forged note, and that he told said

bank that the name of L. M. Rich upon said note was a forgery. This conversation was clearly violative of the rules of evidence, in that it was a conversation res inter alios acta, out of the presence of appellant, without his knowledge, and the declaration of the prosecuting witness that in no event or continegncy could bind appellant. It is a well settled rule of law that conversations between third parties in no way connected with defendant, and of which conversations appellant does not know, can not, in the nature of things, bind appellant. Nor could the prosecuting witness, Smith, corroborate his testimony by the statement he made to the South Texas National Bank. Gonzales v. State, 16 Texas Crim. App., 154; Byrd v. State, 26 Texas Crim. App., 374; Wright v. State, 37 Texas Crim. Rep., 627; Barry v. State, 37 Texas Crim. Rep., 302; Roberts v. State (Texas Crim. App.), 47 S. W. Rep., 358.

Bills numbers 37 and 38 urge that the court erred in permitting various witnesses to testify to the general reputation of the prosecuting witness, E. C. Smith, for truth and veracity in the community where he lived. Smith testified that appellant brought a note to him, written out and signed by defendant, with defendant's name as well as the name of L. M. Rich indorsed upon the back thereof. The forgery, and the uttering of the forged instrument, is based upon the alleged fact that the name of L. M. Rich was placed upon said note without authority of said Rich by appellant, and hence was forgery. Appellant testified that, when he delivered the note to Smith, it did not have the name of L. M. Rich upon the back thereof. Under this state of the case, the court permitted the State to introduce witnesses who testified to the general reputation of the prosecuting witness, Smith, for truth and veracity. It is not permissible for the State to introduce witnesses to bolster up the credibility of a witness, where there is a mere conflict between the testimony of the State and defendant's witnesses. In Harris v. State, 45 Southwestern Reporter, 714, we said: "We have held that, where it is shown a witness has made conflicting statements about a material fact, the party introducing can support him by proof that his general reputation for truth and veracity is good. We have also held that where there is a conflict in the testimony, and the witness is a stranger, his testimony may be supported in the same way. However, we know of no rule or case holding that, where there is a mere conflict in the testimony of witnesses, a witness can be supported by proof that his general reputation is good." The court erred in permitting the introduction of the testimony, as a bare inspection of this bill shows there was a conflict in the testimony, and the State had no right to introduce the witnesses. McGrath v. State, 35 Texas Crim. Rep., 413; Rushing v. State, 25 Texas Crim. App., 609. It follows, therefore, that appellant's effort to bolster up the testimony of certain witnesses in the same manner as attempted by the State was not permissible, and the court did not err in refusing to permit it.

Bill number 42 complains that the court permitted the introduction of various witnesses, who testified that the general reputation of appellant for truth and veracity in the community in which he lived was bad; appellant's objection being that the witnesses did not qualify themselves to testify to such reputation. It is sufficient to say that the trial court should be careful to see that proper predicate is laid before permitting witnesses to testify to general reputation. The rule on this matter is plain and simple.

Bill number 45 complains that the court permitted F. C. Connor to testify for the State, over appellant's objection, as to what the Southern Shoe Company owed appellant, because said evidence was not the best evidence; the witness having stated he derived his information from the books of the company. Appellant insisted that the books were the proper and best evidence of what they might contain, there being no evidence of their destruction, or that they could not be produced. It is a general rule, recognized by the courts, that the best evidence is required that can be obtained. The rule, however, excludes that evidence which itself indicates the existence of original information. Inferior proof can not be resorted to until it is shown to be impossible to procure the best evidence. 1 Greenl. on Ev., 126; Wyers v. State, 13 Texas Crim. App., 57; Hunter v. State, Id., 16. The bill showing that the witness Connor was testifying from his remembrance of the books of the Southern Shoe Company, there should have been some predicate laid for the introduction of his testimony in lieu of the books, i. e., it should have been shown that the books were lost or destroyed; otherwise, the books, being the best evidence, should have been introduced as evidence.

Appellant also insists that the court should have charged the jury that the prosecuting witness, E. C. Smith, was an accessory under the law governing the evidence. The evidence shows nothing to indicate that the witness Smith was an accessory, and the court did not err in refusing to so charge.

This record is rather a remarkable one, and contains 50 bills of exception and 300 typewritten pages. It is a simple case of forgery. There is certainly no excuse for such tedious prolixity in getting up the record. We have carefully reviewed every assignment of error, and note those we think necessary in passing upon this case. For the errors pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*