### SAM DAVIS v. THE STATE.

No. 17. Decided June 23, 1909.

Rehearing denied November 3, 1909.

**Murder—Cross-Examination—Contradicting Witness—Other Offense.**

Where, upon trial for murder, the defendant had testified in his own behalf that after killing the deceased he fired a second shot at a house to keep any one from coming out and shooting him, there was no error in permitting State's counsel, on cross-examination of defendant, to bring out the fact that defendant was indicted for assault to murder of another party than the deceased, who was hit by the second shot in said house, the court charging the jury that the defendant could not be convicted of shooting or threatening to shoot any other person than the deceased, and the verdict being for manslaughter, assessing the minimum penalty; besides, such testimony was admissible to contradict or impugn defendant's statement that he only fired into the house to keep any one from coming out, and to show the motive of such statement. Davidson, Presiding Judge, dissenting.

Appeal from the District Court of Cooke. Tried below before the Hon. Clem B. Potter.

Appeal from a conviction of manslaughter; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Davis & Thompson,* and *Potter & Culp,* for appellant.—Cited cases in dissenting opinion.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of manslaughter, and his punishment assessed at two years confinement in the penitentiary.

The only bill of exceptions in the record presents the following: While defendant was upon the stand as a witness in his own behalf, and while he was being cross-examined by R. R. Bell, private counsel

for the State, and after the defendant had testified that he did not shoot at Ray Clark, or see Ray Clark when he fired into the saloon, said State's counsel asked the defendant the following question: "You have been indicted for assault with intent to murder in the Ray Clark case?" To this the defendant's counsel objected, because the record is the best evidence, and because an indictment found by the grand jury is no evidence of guilt, and because it is an effort to get before the jury the opinion of the grand jury in reference to the transaction now being investigated. The objections being over-ruled by the court, appellant answered that he had been indicted by the grand jury for assault with intent to murder ·Ray Clark. The following transcript from the ˙ stenographer's notes ˍis attached to this bill and made a part of the judge's qualifications thereto: "Cross-examination of Sam Davis by R. R. Bell: Q. What was your reason for shooting the second shot? A. To hold the front of that house, to keep anyone from coming out of ˙ that house and from shooting me down. Q. You have been indicted for assault to murder in the Ray Clark case? A. Yes, sir, I guess I have, I am under bond. The Court: I don't think it is material. Q. You claim that you didn't shoot at· Ray Clark at all? A. No, sir, I didn't. Q. And what was your explanation? A. I said I shot down through the house for the purpose, in order to hold the front of that house to keep any one that might be in the house from coming out and shooting me down. I knew that Dud Clark worked in that house, and of course, I expected him to come with both hands full of six-shooters." This testimony was admissible. Appellant had stated he shot into the house to keep any one from coming out of same to assault him. Now to show the motive for making said statement, the State called upon appellant to prove that he was indicted for shooting at Ray Clark, and that that is the reason he swore he did not shoot at Ray Clark but merely shot into the house to keep some one from coming out of the house; that he knew Dud Clark worked in the house and expected him to .come out with both hands full of six-shooters. Where a party gives testi-mony, it is always germane, proper and legitimate to show a motive for said statement, and certainly if appellant is indicted for assault to murder upon Ray ͺClark, this would give him a strong motive for swearing that he did not shoot at Ray Clark, and the fact that at the time he gave such testimony he was indicted, becomes a pertinent inquiry and goes to that extent to discredit the accuracy of his statement when he says he did not shoot at Clark. This is not a case where there is a bare controversy in the testimony but the defense is trying in this testimony to make out a perfect defense and to show a legitimate and lawful purpose, in all of his acts which were part and parcel of˙ the res gestae of the transaction. Now when he states he did not shoot at Clark, it very pertinently suggests itself to any one's mind that he might be preparing a defense

to the indictment for assault with intent to murder said Clark, or at least the fact of being indicted suggested that this might be his motive for so swearing and, therefore, goes to reflect upon the credibility of the statement and general credibility of the witness. In this connection the court charged the jury as follows: "You are instructed that the defendant cannot be convicted in this case for shooting at or threatening to shoot at any other person than the deceased. He is on trial alone for the killing of Lowe Clark." To this extent this was clearly a limitation of the purpose for which the testimony complained of in above copied bill was admitted. Appellant does not complain of the lack of proper limitation of the testimony but the objection that appellant makes is that it was an indirect way of eliciting the opinion of the grand jury in reference to a material part of the evidence upon this trial. We do not think there was any error in the admission of the testimony. This is especially so in the light of the verdict in this case which was for two years, the minimum punishment for manslaughter. The evidence clearly supports the verdict. The jury having given appellant the minimum punishment, we cannot see how the testimony even if erroneous, could have injured appellant.

Finding no error in the record, the judgment is in all things affirmed.

*Affirmed.*

[Rehearing denied November 3, 1909.—Reporter.]

DAVIDSON, PRESIDING JUDGE (dissenting).—This conviction was for manslaughter, the punishment assessed being two years confinement in the penitentiary.

The serious question urged by appellant is that the facts are not sufficient to support the conviction for manslaughter; that it was a case purely of self-defense. Pretermitting a discussion of this question, the evidence is very cogent showing that appellant acted only in self-defense. There had been trouble between the parties in which the deceased was the aggressor. While these troubles were of a wordy nature, the evidence is that the deceased was the provoking party. After the last wordy altercation in which threats were made by deceased and intimations that he would renew the troubles, the parties separated and appellant armed himself in anticipation of further trouble. While walking along the side walk with a friend enroute to a wagon yard to get his team for the purpose of leaving town, appellant passed the door of a saloon in which was stationed the deceased, his son and a friend. There is some contradiction at this point as to who spoke first. The difficulty occurred and deceased was shot by appellant. The evidence is to the effect that deceased was making a demonstration to draw a pistol and a pistol was found upon his body. Appellant fired one other shot but not at the deceased.

The State contended that appellant fired this shot at Ray Clark, son of deceased. Appellant's evidence is to the effect that the shot was fired into the saloon generally—not at anybody at all—but as a warning to those on the inside who were friends of the deceased not to make a further attack upon him. In this condition of the record and while appellant was upon the stand testifying in his own behalf, a bill of exceptions recites the following: That while appellant was being cross-examined by private counsel representing the State, and after appellant testified he did not shoot at Ray Clark, or see Ray Clark when he fired into the saloon, said Bell asked the appellant the following question: "You have been indicted for assault with attempt to murder in the Ray Clark case?" Appellant objected because the record is the best evidence, and because an indictment found by the grand jury is no evidence of guilt, and because it is an effort to get before the jury the opinion of the grand jury in reference to the transaction now under investigation. The objections being overruled, the witness was required to answer that he had been indicted by the grand jury for assault with intent to murder Ray Clark. In connection with this and as a part of the bill, it is recited that the stenographer's notes which are made a part of the qualification of the bill shows: "Q. What was your reason for shooting the second shot? A. To hold the front of the house, to keep any one from coming out of that house and from shooting me down. Q. You have been indicted for assault to murder in the Ray Clark case? A. Yes sir, I guess I have, I am under bond." Then follows the objections of appellant. The Court said: "I don't think it is material." Defendant excepts. "Q. You claim that you did not shoot at Ray Clark at all? A. No sir, I didn't. Q. And what was your explanation?" Defendant objects. "A. I said I shot down through the house for the purpose, in order to hold the front of that house to keep anyone that might be in the house from coming out and shooting me down. I knew Dud Clark worked in that house, and of course, I expected him to come with both hands full of six-shooters." We are of opinion that this evidence was inadmissible. It was but the expression of the grand jury of what they thought of the case and of the shooting and appellant's connection with it. The indictment against appellant for the shooting at Ray Clark was a part and parcel of the transaction under investigation, if as a matter of fact he did shoot at him. It was denied by appellant and the finding of the grand jury as shown on the face of the bill of the indictment was used to contradict appellant on this issue. It was but their opinion and was not legitimate testimony for the purpose of impeachment. See Long v. State, 17 Texas Crim. App., 128; Shamburger v. State, 24 Texas Crim. App., 433; Taylor v. State, 50 Texas Crim. Rep., 381; Moore v. State, 46 Texas Crim. Rep., 54; De La Garza v. State, 61 S. W. Rep., 484. It will be noted that

between the testimony of appellant and Ray Clark there is a sharp conflict as set out in the bill of exceptions. The testimony of Ray Clark or that for the State is to the effect that appellant fired the second shot into the house where Ray Clark was for the purpose of killing Ray Clark. Appellant's testimony is directly to the effect that he shot into the front of the house to prevent those whom he says were in conspiracy against his life from coming out to where he was to kill him. A conflict of evidence will not justify the introduction of testimony to impeach or sustain a witness. Long v. State, 17 Texas Crim. App., 128; Rushing v. State, 25 Texas Crim. App., 607; Britt v. State, 21 Texas Crim. App., 215; McGrath v. State, 35 Texas Crim. Rep., 413; Harris v. State, 45 S. W. Rep., 714; Murphy v. State, 40 S. W. Rep., 978; Jacobs v. State, 42 Texas Crim. Rep., 353, 59 S. W. Rep., 1113. Here firing of the second shot was proved by the State and the appellant. There was no conflict upon this question, the conflict being in regard to the reason for firing the second shot. The indictment or the fact that it was returned by the grand jury against appellant charging him with assault with intent to murder Ray Clark, could have no bearing upon this issue and was thoroughly illegitimate. It was but the opinion of the grand jury found in the fact of the return of the bill that they believed appellant shot at Ray Clark and did not as he testified shoot to prevent Clark and others from coming out of the house and making an attack upon him. This act of the grand jury could not be used to settle or prove which theory was correct. As before stated, it would be but a conflict in the evidence and only upon the purpose for which appellant fired the shot. Under this state of case, under all the authorities, this evidence was not permissible either to sustain the State's evidence or to impeach appellant. Here the issue as to the shooting being admitted, it was a sharp contest between the testimony of Clark and appellant as to the purpose, and the act of the grand jury is thrown into the scale to determine that fact against appellant's testimony. They saw proper to believe Clark and thus found the indictment. It was but their conclusion of the effect of Clark's testimony as against appellant's. The authorities cited are, I think, in point and settle the matter for appellant and against the State's contention. Believing there was error in the admission of the testimony and of such a nature as to require a reversal of the judgment, I respectfully enter my dissent and believe the judgment ought to be reversed and the cause remanded for another trial.