## Court of Appeals.

*October*, 1887.

## PEOPLE *v.* JONES.

EVIDENCE—CONVERSATIONS OF WITNESS WITH THIRD
PARTIES—ADMISSIBILITY OF STATEMENTS REGARD-
ING EXAMINATION OF PUBLIC RECORDS.

A witness may state, in answer to a general question, that he visited a certain locality to ascertain certain facts relating to the subject-matter of the action, what he did, what means he took to ascertain the facts in issue, and the result of his investigation; but he may not testify as to the conversations had with residents of the locality in the course of the inquiry.

It is not error to admit the statement of a witness in a trial, for forgery of a promissory note, that, after having paid the note, witness visited the locality where the alleged maker and indorser were stated by the defendant to have resided and to have owned real estate, and looked over the assessment-roll of the town and found no such names. Such evidence is unobjectionable, because it does not call for its contents, but was merely a description of what the witness did in making the search, and a statement of the result.

Isolated remarks by a witness, not responsive to questions asked, though improper, under the court's ruling, will not justify a reversal, unless defendant's counsel moves to have them stricken from the record, and his motion be improperly denied.

Evidence, though inadmissible in the first instance, may become admissible against the defendant when his counsel has gone into the subject-matter thereof, on cross-examination.

Appeal from a judgment of the general term of the supreme court, in the fifth judicial department, entered upon an order made January 25, 1887, which affirmed a judgment of the court of sessions of the county of Erie, entered upon a verdict convicting the defendant of the crime of forgery in the second degree.

The facts, so far as material to the questions discussed, are stated in the opinion.

PECKHAM, J.—The defendant was indicted for the crime of forgery in the second degree, in having signed the name Peter Hint as the maker and Samuel Main as the indorser of a promissory note for $425, and falsely pretending that the note was subscribed by said Hint and indorsed by said Main, whereas, in truth, Hint and Main were persons not in existence, and the signatures were not those of any persons in existence, he, Jones, well knowing the same, with intent, etc.

Upon the trial, evidence was given by the cashier of a bank in Buffalo that the defendant came to the bank, of which the witness was cashier, in company with a friend named Hun, and desired to get the note in question discounted. The cashier said he would if Mr. Hun would indorse it, which he did, and then the note was discounted, and the defendant got the money. The cashier knew Mr. Hun, and that he was responsible. Jones gave the witness the residence of the indorser as North Oakfield, N. Y., and his own as North Pembroke, but he could not say what residence, if any, he gave for the maker. The note was payable at a bank in Batavia, and was protested when due, for non-payment, and was then taken up by Mr. Hun, the second indorser. Mr. Hun swore that the defendant told him before he in-

dorsed the note, and in answer to questions he put to the defendant, that the maker, Peter Hint, was a good farmer, living just through the swamp, and the indorser lived directly across the road from his father-in-law, Mr. Hint, and that he was also a good farmer. Continuing, the witness said : " I asked him whereabouts through the swamp he lived ; he said just through the swamp ; I asked him again where ; then I used the remark, on the Lewiston road ; he said Yes ; I then indorsed the check." The swamp was the Tonawanda swamp, and Hun lived eight or nine miles from it, and he stated where the Lewiston road ran, and that it went through the swamp. The note not being paid at maturity, the indorser Hun started out to look for the maker and the first indorser, and went into the swamp and struck the Lewiston road, and came around making inquiries for them, or either of them. The district attorney then said : " Tell the jury what you did, commencing at the beginning ; the first thing, and tell them all that you did." Objected to by the counsel for the defendant, on the ground that it was immaterial and irrelevant. By the court : " He may state what he did ; what means he took to find the maker and indorser of this note ; what he did in that direction." Exception by defendant.

The court again said at another time that it would not allow any conversation between the witness and anybody he talked with, but he might state the fact that he had a talk, and that he could get no information. Under this ruling the witness detailed his efforts at finding these men ; that he visited the vicinity where they were stated to have resided, and made inquiries, but failed to obtain any information concerning them. Under objection and exception he also said he had looked over the assessment-rolls of the town and found no such names. All this was legitimate evidence of the facts from which, in connection with other evidence in

the case, the jury were asked to infer the main fact that there were no such persons there resident. The evidence as to the assessment-rolls did not call for the contents thereof within the rule for proving the contents of written instruments by producing them. It was evidence of the same kind already given, and was merely a description of what the witness did in making his search, and a statement of the result. It was an incidental and collateral fact. The whole evidence was given and received under the ruling of the court for the purpose of showing what the witness did himself, and not to prove the statements made by persons to whom the witness put his questions. In this respect the case differs from that cited on the argument of Wiggins *v.* People (4 *Hun,* 540), where evidence of such answers was permitted and the conviction may have been placed entirely upon it. The questions put to the witness here by the district attorney were only calculated to bring out a statement of the extent of the search made by him, and if, in answer thereto, one or two isolated remarks were made by the witness as to the response made to his inquiries, they were not asked for, were not responsive to the question, and were ruled distinctly and plainly by the trial judge to be improper. If the counsel for the defendant desired to have them stricken from the record, he should have made his motion, and it undoubtedly would have been granted in accordance with the rule already laid down and acted upon by the judge. We do not see that any error in this part of the case was committed.

When Mr. Hun was on the stand he was asked how much money he had had to pay Mr. Jones. The evidence was objected to and admitted under the exception of the defendant's counsel. Upon the cross-examination, by defendant's counsel, of the cashier of the bank where the defendant had the note discounted, the question as to the dealings between defendant and Hun had been

somewhat investigated, and as to how much of the various notes indorsed by Hun for defendant had been paid by defendant or Hun.   There was enough of the subject then touched upon to permit this inquiry.   The court placed its ruling on that ground, stating to counsel that he had himself gone into it on the cross-examination of the cashier; and we think that in such ruling there was no error.

The judgment should be affirmed.

All concur.

Judgment affirmed.