[Crim. No. 284.  Department Two.—September 15, 1897.]

THE PEOPLE, Respondent, v. L. J. LAIRD, Jr., Appellant.

CRIMINAL LAW—FORGERY—UTTERING FALSE CHECK—PROOF OF OFFENSE—PERSONS BEARING FORGED NAME—CHECK NOT FICTITIOUS.—Where the defendant was proved to have passed a false check upon a storekeeper as genuine, with intent to defraud, and it appeared that there were two persons in the county bearing the name which was falsely signed to the check, and that one of them resided in the city where the check purported to be made and was passed, and that neither of them authorized the defendant to sign his name to the check, the defendant was properly convicted of forgery, and it cannot be claimed that the check was fictitious.

ID.—EVIDENCE—EXISTENCE OF PERSONS WITH FORGED NAME—CITY DIRECTORY—GREAT REGISTER.—It is competent to resort to the city directory and to the great register of the county to determine whether there was or was not a person in the city or county bearing the name which was signed to a false check passed by the defendant, and, if the name of such person is found therein, to show his residence.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial.  B. N. Smith, Judge.

The facts are stated in the opinion of the court.

J. Vincent Hannon, Blakely & Barber, William T. Blakely, and J. Walter Barber, for Appellant.

W. F. Fitzgerald, Attorney General, and Charles H. Jackson, Deputy Attorney General, for Respondent.

CHIPMAN, C.—Defendant was convicted of the crime of forgery, and was sentenced to imprisonment for one year at San Quentin.  The appeal is from the judgment and from an order denying motion for new trial.  The alleged forgery was of the following check:

Los Angeles, Cal., April 30, 1896.

"No. 174.  California Bank.  Pay to the order of L. J. Laird, Jr., $26.00 (twenty-six 00-100 dollars).      A. B. CLARK."

Defendant bought a bill of goods from Cline Brothers, in Los Angeles, amounting to about four dollars, and presented this check in payment, and was paid the difference in money; he

gave a certain number and street to which the goods were to be sent; no such number could be found, the place indicated being an unimproved part of the city, and the goods were returned to the store. At the time he presented the check defendant stated to one of the witnesses that "he got the check from a man in Pasadena; he said he had been working for Mr. Clark in Pasadena." Another witness testified as follows: "I asked him where he got the check, and he said he got it from a party in Pasadena whom he had worked for. He said that he received it from a party in Pasadena in payment for some work." It was shown at the trial that no person of the name of A. B. Clark had an account at the California Bank, or any money there to his credit. One Abbott B. Clark, who gave his residence as 525 West Fifth street, Los Angeles, testified that he had resided there several years, and that he had not signed the check, or authorized anyone to sign it. One A. B. Clark, who gave his residence as Hollywood, testified that he did not sign the check, or authorize it to be signed. A police officer of Los Angeles testified that he had searched the great register of the county and the city directory, and found there were two A. B. Clarks in the county—one at Hollywood, and one on Fifth street, Los Angeles—the same who testified; that he could find no others. There was no evidence as to any inquiry being made at Pasadena to find any person of the name of A. B. Clark except by the search of the great register of the county. No witnesses were called on behalf of defendant. At the close of the people's evidence the defendant moved that the court instruct the jury to acquit, on the ground that the testimony was not sufficient to prove the offense charged; and defendant's only contention here is that the evidence did not justify the verdict.

The information is laid under section 470 of the Penal Code. So far as it relates to the offense charged, the section reads as follows: "Every person who, with intent to defraud another, falsely makes . . . . any . . . . check . . . . ; or utters . . . . or passes . . . . as true and genuine any of the above-named false, altered, or forged . . . . matters . . . . knowing the same to be false, altered, or forged, . . . . with intent to prejudice . . . . or defraud any person . . . . is guilty of forgery."

It was said in *People v. Elliott*, 90 Cal. 586: "Where a note, bill, check, etc., is the subject of a forgery, it must be proven that the instrument was not signed by the person by whom it purports to be signed, or that such person did not exist at the time, or, in other words, is a fictitious person. . . . . The law appears to recognize a distinction between forged instruments purporting to have the signature of a person in existence, and those where the signature is purely and entirely fictitious.

Defendant, relying upon the case just cited, claims that "at best the prosecution proved no more than the crime of 'obtaining money under false pretenses,' or the crime of 'passing a fictitious check.' " Assuming that, when he presented the check, he stated that he had been working for "A. B. Clark of Pasadena," and "that he had received the check from A. B. Clark of Pasadena," defendant proceeds to argue that the words "of Pasadena" were words of limitation as to the identity of the person signing the check; that the person receiving it would do so supposing it to be the check of "A. B. Clark of Pasadena," and that therefore proof by some one of that name residing in Los Angeles or Hollywood would not be proof that "A. B. Clark of Pasadena" had not signed or authorized the signing; and the prosecution must necessarily fail.

Defendant does not correctly state the evidence; it does not show that defendant informed Cline Brothers that "he had been working for A. B. Clark of Pasadena," nor does it show that he represented "that he had received the check from A. B. Clark of Pasadena." He said he had received it from a party in Pasadena in payment for work; a party whom he had worked for; that he had been working for a Mr. Clark; but the evidence fails to show that this Mr. Clark was the same person as A. B. Clark whose name is signed to the check, and it fails to show that he received the check from any person of that name; he may have worked for other persons than Mr. Clark; the statement was that he received the check from a party for whom he worked, and this may have been an entirely different person from Clark. It does not follow from any of the evidence that the A. B. Clark who purports to have signed the check did not reside at Los Angeles, where it purports to have been made.

It was competent to resort to the city directory and to the

great register of the county to prove that there was no such person as A. B. Clark (*People v. Eppinger*, 105 Cal. 36); and I see no reason why resort may not be had to this source of information to show that there was such person, and his residence. The check purported to have been drawn in Los Angeles, and on a bank in Los Angeles. The city directory showed only one man of the name of A. B. Clark, and the great register showed but two in the county—one in Los Angeles, and one at Hollywood—both of whom were witnesses, and testified that they did not sign the check, or authorize it to be signed. A bookkeeper of the California Bank testified that there was no money on deposit there to the credit of A. B. Clark when the check was drawn. It was said in *People v. Eppinger, supra*, that "the essence of the offense created by the provisions of section 476 is the making, with an intent to defraud another, of an obligation of some 'bank, corporation, copartnership, or individual,' when in fact there is no such obligor in existence." There were, as it seems, two A. B. Clarks in the county—one where the check was drawn, and one in a neighboring place—and it cannot therefore be claimed that the check was fictitious.

Defendant presents no other point in his brief, and as this one is without merit the verdict should stand. It is recommended that the judgment of conviction be affirmed.

Searls, C., and Belcher, C., concurred.

For the reasons given in the foregoing opinion the judgment of conviction is affirmed.

McFarland, J., Henshaw, J., Temple, J.

Hearing in Bank denied.