STATE, Respondent, v. LARSON, Appellant.

(163 N. W. 566.)

(File No. 4171.   Opinion filed June 26, 1917.)

1.   **Criminal Law—Forgery, What Constitutes—Signing Fictitious Name.**

The signing of a fictitious name to an instrument uttered and passed as genuine with fraudulent intent, constitutes forgery, under Pen. Code, Sec. 582, as amended by Laws 1915, Chap. 194, Sec. 1, providing that every person who sells, etc., any forged or counterfeited promissory note, check, bill, draft or other evidence of debt, etc., knowing the same to be forged or counterfeited, with intent to have same uttered or passed, or who offers for sale, etc., is guilty of forgery.

2.   **Same—Forgery — Check — Fictitious Name — Purchasing Goods With—Evidence, Sufficiency.**

Where defendant signed a fictitious name to a check, purchased certain goods and obtained certain cash from a clothing company, stating that his name was different from that signed to the check, and delivered the check to said company in payment for the goods and the cash advanced; it appearing that the bank on which the check was drawn had not at the time of passing same any customer by the name so signed who kept an account in the bank, and that the officers thereof had no knowledge of any person in that community by the fictitious name; defendant having given his own name as being different from that signed to the check; held, the evidence was sufficient to sustain a verdict of guilt of forgery.

3.   **Evidence—Corporate Existence—Criminal Prosecution—Unchallenged Testimony of Secretary, Sufficiency.**

In a prosecution for forgery, held, that testimony of the secretary of an alleged corporation, that the company was a corporation, was, when not objected to, sufficient to establish corporate existence of the said company.

Appeal from Circuit Court, Minnehaha County. Hon. JOSEPH W. JONES, Judge.

The defendant, John Larson, changed by order of court to Albert Anderson, changed by order of court to George Hanson, was convicted of the crime of forgery in the second degree, and he appeals. Affirmed.

*Kirby, Kirby & Kirby,* for Appellant.

*C. C. Caldwell,* Attorney General, and *C. V. Caldwell,* State's Attorney, for Respondent.

(1) To point one of the opinion, Respondent cited: State v. Wheeler, 20 Ore. 192, 25 Pac. 394, 23 A. S. R. 119, 10 L. R. A. 779; 8 A. E. Ency. of Law, 457, 1st ed.; 13 A. & E. Ency. of Law, 1088, 2d ed.; 1 Bishop Crim. Law, Sec. 572; 2 Bish Crim. Law, Sec. 583; 2 Russell on Crimes, 733.

(3) To point three of the opinion, Appellant cited: State v. C. M. & St. P. Co., 4 S. D. 261.

McCOY, J. The appellant, being the defendant in the court below, was convicted of the crime of forgery in the third degree under the provisions of chapter 194, Laws 1915. The information in substance charged:

That the defendant, John Larson, on the 17th day of October, 1916, at Minnehaha county, S. D., did then and there willfully, unlawfully, and feloniously, for valuable consideration, sell, exchange, and deliver to the G. & G. Clothing Company, a corporation, a certain forged and counterfeited check and evidence of debt, then and there knowing the same to be a forged and counterfeited check, with intent to have said forged and counterfeited check uttered and passed as a true and genuine check, said forged and counterfeited check being in words and figures as follows:

"Elk Point, S. D., Oct. 16, 1916.

"The First National Bank: Pay to the order of the G. & G. Clothing Co. ($25.00) twenty-five dollars.     A. A. Anderson."

That said check was not a true and genuine check of A. A. Anderson, and the signature thereon was not the signature of said A. A. Anderson, but in fact the said signature was a forged and counterfeited signature of A. A. Anderson, and said defendant did thereby commit the crime of forgery in the third degree.

By evidence on the trial of said action it appeared that on the 17th day of October, 1916, defendant purchased certain merchandise and obtained $6.50 in cash from the G. & G. Clothing Company, and in payment thereof gave a check signed by himself as A. A. Anderson, drawn on the First National Bank of Elk Point, S. D., for the sum of $25; that the said First National Bank of Elk Point at the time of the issuing and passing of said check had no customer by the name of A. A. Anderson who kept an account in said bank, and that the officers thereof had no knowledge of any person in that community by the name of A. A. Anderson; that at the time the defendant delivered said check to said clothing company he stated that he was a stock man from Elk Point; and that defendant's true name is George Hanson. By objections to the introduction of evidence, motion to advise the jury to acquit, request for and exception to instruction and by motion for new trial on the ground of the insufficiency of the evidence, the appellant has raised the question that forgery cannot be committed by signing the name of a fictitious instead of the name of a real person to the instrument that is uttered and passed as genuine.

[1] We are of the opinion that the law is well settled that the signing of a fictitious name to an instrument with a fraudulent intent constitutes forgery under statutes such as section 582, Penal Code, as amended by section 1, chapter 194, Laws 1915. State v. Wheeler, 20 Or. 192, 25 Pac. 394, 10 L. R. A. 779, 23 Am. St. Rep. 119; State v. Kelliher, 49 Or. 77, 88 Pac. 867; People v. Jones, 106 N. Y. 523, 13 N. E. 93; People v. Warner, 104 Mich. 337, 62 N. W. 405; Harmon v. Bank, 153 Mich. 73, 116 N. W. 617, 17 L. R. A. (N. S.) 514, 126 Am. St. Rep. 467; 12 R. C. L. 151; 1 Bishop, Crim. Law, § 572; 2 Bishop, Crim. Law, § 583; 2 Russell on Crimes, 773.

[2, 3] We are also of the opinion that the evidence in this case was amply sufficient to sustain the verdict, and that no error was made by the trial court in the reception or rejection of evidence or in the instructions given to the jury. It is also contended by the appellant that there was no evidence of the corporate existence of the G. & G. Clothing Company. The secretary of said company without objection testified that said clothing company was a corporation. We are of the view that for the pur-

poses of this action such testimony sufficiently established the corporate existence of said G. & G. Clothing Company.

Finding no error, after careful examination of the entire record, the judgment and order appealed from are affirmed.