CHARLES MATHIS v. THE STATE.

No. 15176. Delivered April 20, 1932.
Rehearing Denied June 8, 1932.
Reported in 50 S. W. (2d) 312.

The opinion states the case.

*Wm. E. Davenport,* of San Angelo, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is passing a forged instrument; the punishment, confinement in the penitentiary for two years.

State's witness R. F. Williams testified that appellant came to his place of business and gave him a check for $16.50, purporting to be executed by M. A. Hunt & Son, and payable to the order of Bud Huse. The witness said the appellant told him his name was Bud Huse and that he desired to take up the check that had theretofore been given the witness by one Roy King and receive the difference in money. After taking up Roy King's check, appellant received $5 or $6 in money from Mr. Williams. The state's proof tended to show that M. A. Hunt & Son were fictitious persons, a search of the county having disclosed no such firm.

Appellant testified that he won the check from his uncle in a poker game; that his uncle was going under the name of Bud Huse; that his uncle told him to take the check to the state's witness and cash it and take up the check that he had theretofore given the witness; that he did not know the check was forged at the time he passed it.

Bill of exception No. 1 relates to appellant's objection to the testi-

mony of state's witness A. P. Mercer. It is recited in the bill that the witness testified, in substance, that he had gone to the commissioners' court and inquired of them as to whether they knew of a firm by the name of M. A. Hunt & Son; that he had gone to a point in the county where highway work was going on and made inquiry as to the whereabouts of M. A. Hunt & Son; that he had also made inquiry of the board of trade; and that he could find no firm of that name. It is further recited that appellant objected on the ground that what the parties said would be hearsay. There is nothing in the bill to show that the witness was told by the parties that there was no such firm. The bill only shows that the witness made the inquiry and that he was not able to find a firm by the name of M. A. Hunt & Son. The theory of the state was that M. A. Hunt & Son were fictitious persons. The signing of a fictitious name with intent to defraud may constitute forgery. Branch's Annotated Penal Code, sec. 1410; Feeny v. State, 62 Texas Crim. Rep., 585, 138 S. W., 136. The state may resort to legitimate circumstances to prove that the person is fictitious. Lasister v. State, 49 Texas Crim. Rep., 532, 94 S. W., 233. The fact that a diligent search was made in the county for M. A. Hunt & Son and that no such firm was found was a proper circumstance to be proven. In Cox v. State, 92 Texas Crim. Rep., 497, 244 S. W., 605, this court held that no error appeared in allowing citizens of the county to testify that they were familiar with the population and knew no such person as C. B. Hendrix, the person purporting to execute a check. Further, it was held that it was proper to prove by members of the grand jury that they were unable to find such person during their investigation.

Bill of exception No. 2 recites that the deputy tax assessor of Tom Green county testified, in substance, that he had worked in the office for approximately 19 years; that he had searched the records for the purpose of determining if any property had been rendered for taxes by M. A. Hunt & Son for the years 1930 and 1931; that no property had been rendered for taxation in the name of M. A. Hunt & Son for said years. Appellant objected to this testimony on the ground that it was introduced to show that M. A. Hunt & Son were fictitious persons, and that the fact that the tax assessor's record did not show the persons listed would be irrelevant, immaterial and prejudicial, and would be negative testimony not admissible on any issue in the case. We are aware of the holding in Lasister v. State, supra, in which this court said that it did not believe it permissible to show by the tax collector that the name of the alleged fictitious person did not appear on his rolls. In the course of the opinion, it was said that the court did not understand that such circumstances proved or tended to prove that the party was a fictitious person. The facts recited do not reveal the conditions obtaining in any degree of detail. It may be that under some circumstances such testimony would not be

relevant on the issue as to whether a fictitious person was involved. However, it is difficult to foresee or imagine such conditions. In the present case we have no difficulty in concluding that the evidence in question was admissible. We think it was proper to show that an alleged firm supposedly transacting business and holding property in the county had not rendered property for taxation and that the name of such firm or persons composing it did not appear on the tax rolls. This was a circumstance, under the facts, tending to show that no such firm existed. Underhill's Criminal Evidence, 3rd Ed., sec. 633.

The court instructed the jury as follows: "You are further charged that if you find and believe from the evidence beyond a reasonable doubt that the check described in the indictment was a forged check; but, if you further find and believe from the evidence; or, if you have a reasonable doubt thereof, that the defendant, Charles Mathis, at the time he passed said check to R. F. Williams, did not know the same to be forged, or did not pass same with the intent to defraud, or if you have a reasonable doubt thereof, then you will acquit the defendant and say by your verdict not guilty."

Appellant objected to the charge on the ground that it nowhere adequately presented to the jury his affirmative theory of defense. We deem the objection insufficient to point out the particulars in which the charge was inadequate. Appellant testified that he did not know the instrument was forged. The court pertinently gave an affirmative instruction covering the issues raised by this testimony.

The court further instructed the jury as follows: "You are further instructed that if you find and believe from the evidence beyond a reasonable doubt, that the purported maker of the check in question, was a fictitious person and the defendant knew it, and the name was signed with intent to defraud, and the defendant so knowingly, did knowingly, pass it to the person alleged as true and genuine he would be guilty of knowingly passing a forged instrument."

To the foregoing charge appellant objected on the ground that it placed the burden of proof on him to show that he did not know that the name signed to the check was that of a fictitious person, and that said charge was upon the weight of the evidence. We do not understand that the charge is subject to the objection leveled at it. The court required the jury to believe the matters embraced in the charge beyond a reasonable doubt before they could convict.

Failing to find reversible error, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—Challenging the soundness of the ruling on the original hearing in approving the action of the trial court in receiving the testimony of the tax assessor to the effect that he had searched the tax records of the county and failed to find the name of M. A. Hunt & Son, the appellant refers to the case of Lasister v. State, 49 Texas Crim. Rep., 532, 94 S. W., 233. Lasister was charged with forgery. Presiding Judge Davidson, writing the opinion, ordered a reversal upon several grounds: First, because of the refusal of the court to present in an affirmative charge the appellant's defense. Second, because the court refused to charge on circumstantial evidence. Third, because of improperly receiving in evidence declarations and acts of the appellant while in jail. Fourth, because of misconduct of the jury. In the course of the opinion the court said that it was not competent to prove forgery by negative testimony going to show that the name of J. C. Johnson was not upon the tax rolls. The rolls were not introduced in evidence. From the opinion we quote: "Of course, the state may resort to such circumstances as are legitimate to prove the fact that J. C. Johnson was a fictitious person, but we hardly believe it permissible to show such fact by the tax collector. that the name of J. C. Johnson did not appear on his rolls. We do not understand that this proves or tends to prove that J. C. Johnson did not sign the check or that he was a fictitious person."

It is apparent that the item of evidence was unimportant in the Lasister case, and that the remarks quoted are in the nature of dicta, and, in so far as it conflicts with this opinion, is overruled. The decisions rendered by this court on the subject of the admissibility of such testimony are not harmonious. Among them are the following: Dawson v. State, 38 Texas Crim. Rep., 50, 41 S. W., 599; Dawson v. State, 38 Texas Crim. Rep., 9, 40 S. W., 731; Taylor v. State, 50 Texas Crim. Rep., 381, 97 S. W., 474; Fluewellian v. State, 59 Texas Crim. Rep., 334, 128 S. W., 621; Feeney v. State, 58 Texas Crim. Rep., 152, 124 S. W., 944; Fry v. State, 86 Texas Crim. Rep., 73, 215 S. W., 560; Cox v. State, 92 Texas Crim. Rep., 497, 244 S. W., 605.

It may be that the testimony in the Lasister case, supra, was not of sufficient weight under the facts to support the contention that Johnson was a fictitious person. In the present case, the testimony of the tax assessor attacked in the appeal, is but one of the many items of testimony supporting the decision that the name of M. A. Hunt & Son was a fictitious name. There were acts of the appellant proved, as well as the testimony from other sources, which are ample to support the verdict without reference to the testimony touching the tax roll. It appears from the testimony that the appellant, in passing the check, gave his name as Bud Huse. He possessed other checks bearing the signature of

M. A. Hunt & Son, which resulted in his indictment in other cases. While talking to an officer in the jail, the appellant reached through the bars, seized the check and destroyed it. The evidence was conclusive that the appellant's real name was Charles Mathis.

A deputy sheriff testified to a search and inquiry to ascertain the existence of the firm of M. A. Hunt & Son or the individuals thereof. Inquiry was made at various places as shown by the testimony. The banker upon whom the check was drawn gave testimony tending to show that there had been no such account as M. A. Hunt & Son in the bank upon which the check was drawn and no such person was known to the banker.

In Underhill's Crim. Evidence (3rd Ed.), sec. 633, it is said: "Evidence is relevant, which shows or tends to show the existence or non-existence of the person who is supposed or pretended to be indicated by the name; but the State need not prove beyond a reasonable doubt that there was no such person. A resident of the town in which he is alleged to have lived is competent to prove that he was unknown there, though the witness may not be able to swear absolutely that he knew every resident. * * * It may be shown in general that policemen, postmen and residents had never heard of him, and that an officer of the court, as a sheriff, though he made a diligent search among persons most likely to know him, was unable to find him, or to secure any information of his whereabouts. The searcher may state what he did and the fact that he had a conversation with some one, and with whom, and could get no information, though he may not repeat answers made to his inquiries (as these would be hearsay) for the purpose of proving the fictitious character of the person. Evidence of this sort, proving prima facie the non-existence of the person whose name was signed, may be sufficient in the absence of rebuttal."

In a case of forgery where it is contended that a fictitious name was used, the testimony of detectives and policemen who have made an investigation and attempted without success to find the party whose name purports to have been signed to the instrument, may be introduced, and the extent and nature of the investigation goes to the weight and not to the competency of the evidence. On the same point, city directories, the testimony of bank officers who are familiar with the accounts and customers of the bank, and other similar circumstances with reference to the general or special knowledge of the particular matter under investigation have been regarded as competent and admissible, as shown by the many precedents which are found collated in Amer. Law Rep., vol. 9, p. 414, including cases from California, Louisiana, Michigan, Alabama, Arkansas, Missouri, and cases from the English courts. Among the cases so holding the following may be mentioned: People v. Sharp, 53 Mich., 523, 19 N. W., 168; State v. Hahn, 38 La. Ann., 169; People

v. Eppinger, 105 Cal., 36, 38 Pac., 538; State v. Allen, 116 Mo., 548, 22 S. W., 792; Maloney v. State, 91 Ark., 485, 121 S. W., 728, 134 Am. St. Rep., 83, 18 Ann. Cas., 480; Williams v. State, 126 Ala., 50, 28 So., 632; People v. Laird, 118 Cal., 291, 50 Pac., 431.  See, also, Wigmore on Evidence (2d Ed.), vol. 1, secs. 158 and 670; also, People v. Jones, 106 N. Y., 523, 13 N. E., 93.

The motion for rehearing is overruled. ·

*Overruled.*