LEWIS W. LEEZER v. THE STATE.

No. 15177. Delivered April 20, 1932.
Reported in 51 S. W. (2d) 606.

The opinion states the case.

*Wm. E. Davenport,* of San Angelo, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—The offense, forgery; the punishment, two years in the penitentiary.

The indictment was in two counts, the first charging forgery or the making of a forged instrument, while the second count charged the passing of a forged instrument. Both counts were submitted to the jury, and the jury found the appellant guilty on the first count.

The instrument alleged to have been forged was dated San Angelo, Texas, March 13, 1930, and was drawn on the San Angelo National Bank and was made payable to Lee's Battery Service or bearer, and was for the sum of $7.50, purported to be signed by R. C. Vaughn, and was endorsed Lee's Battery Service, Lewis W. Leezer, Campus Drugs, San Angelo, Texas.

The witness for the state, T. S. Robinson, testified that on March 13, 1930, he was engaged in the drug business, in what was known as the Campus Drug Store; that he knew the defendant, Lewis W. Leezer, and had known him for some time prior to March 13, 1930; that he had never had any business dealings with him except through the store; that he cashed some checks for Lewis W. Leezer through the store about the 13th day of March, 1930; that the checks were cashed by him through the Campus Drug Store for whom he was working at the time. He identified the check that he cashed for the appellant and testified that he turned the check over to the Central Drug Co., and they deposited it in the Central National Bank, and it was turned back to the Central Drug Company and the Central Drug Company turned it back to him.

The evidence also showed that R. C. Vaughn had no account in said bank. Appellant offered no evidence and did not testify.

By several bills of exception, appellant complains of the action of the trial court in permitting the testimony of witnesses who lived in San Angelo to the effect that no such person as R. C. Vaughn lived in that community. The testimony showed that the persons whose testimony was objected to were well acquainted in the community and town of San Angelo. We think no error is shown in the admission of said testimony. We quote from Branch's Ann. P. C., sec. 1410, as follows: "The testimony of witnesses who live in the community and who are well acquainted therein is admissible to show that a named person does not live in that community, as tending to show there is no such person." See Dawson v. State, 38 Texas Crim. Rep., 50, 41 S. W., 599; Feeny v. State, 62 Texas Crim. Rep., 585, 138 S. W., 136.

By bill of exception No. 4, appellant complains of the failure of the trial court to sustain the objection to the testimony of one S. G. Odom, a witness for the state, to the effect that he cashed a $30 check for the appellant, which was dated April 5, 1930, and at the time he cashed this check defendant owed the drug company an account of $22 and he

credited appellant's account with that amount and gave him $8 in cash. The check was returned to him afterwards, the bank having refused to pay the check, and the appellant afterwards paid him. The check was admitted in evidence in connection with his testimony. Said check was purported to be signed by one Arthur Pinson and was endorsed Lee's Radio Shop, Lewis W. Leezer. The date on which said check was passed is not shown. Defendant objected and excepted to the introduction of said testimony for the reason that it was introduced to show system, when as a matter of fact there was absolutely no connection shown between the two checks, the R. C. Vaughn and the Arthur Pinson checks, and that for said purpose it was irrelevant, immaterial, and prejudicial to the interests of the appellant. In the admission of said evidence, we are of the opinion that the court was in error. It has been held by this court that evidence of extraneous crimes may be admitted to develop the res gestae or to connect the defendant with the case on trial, or to show intent where that is an issue, or when it tends to show system, but the distinction between system and systematic crimes should always be borne in mind in admitting this kind of testimony. Evidence of other crimes is not admissible in the absence of one of the four elements just mentioned. To prove system, in order to identify a party or to show intent, is one thing, but to prove systematic crime or that an accused is a confirmed violator of the law is a very different proposition. This evidence does not come within these exceptions. The fact that other checks may have been passed by the appellant does not of itself connect the defendant with the forgery charge in the indictment under this record. We are unable to say what effect this testimony had upon the jury in finding the appellant guilty. If doubt is entertained as to whether it was prejudicial or not, it should be resolved in favor of the accused. Hunt v. State, 89 Texas Crim. Rep., 89, 229 S. W., 869; Barth v. State, 39 Texas Crim. Rep., 382, 46 S. W., 228, 73 Am. St. Rep., 935; Henard v. State, 46 Texas Crim. Rep., 90, 79 S. W., 810.

Bill of exception No. 6 complains of the action of the trial court in permitting, over the objection of the appellant, the testimony of Hugh Jackson, who was employed in the tax assessor's office. The testimony objected to was substantially as follows: "At the request of the district attorney, I, a few days ago, made a search of the records of the tax assessor's office on the real and personal property and the poll tax rolls to see whether the names of R. C. Vaughn, H. B. Joiner, or Arthur Pinson appeared on any of these rolls. None of the three names are on any of the rolls." Appellant objected and excepted to this testimony for the reason that the tax records of Tom Green county did not show the names of R. C. Vaughn, H. B. Joiner, or Arthur Pinson would not make the above named persons fictitious persons, and the introduction of said testimony was irrelevant and immaterial to any issue in this case and did

not prove or tend to prove that the said R. C. Vaughn, H. B. Joiner, or Arthur Pinson did not in fact sign the checks introduced in evidence against the defendant.

Circumstances might arise in which the admission of the testimony complained of might be questionable. As the case will have to be reversed upon another ground, we pretermit a discussion of this bill, but refer to the case of Charles Mathis v. State, 121 Texas Crim. Rep., 131, 50 S. W. (2d) 312, this day decided.

The state's attorney before this court expresses in his brief doubt as to the sufficiency of the state's evidence to show the guilt of the appellant of the offense of forgery. We also express doubt as to the sufficiency of the evidence as adduced on the trial.

For the error pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.