## ROWLEY v. UNITED STATES.
### No. 14353.

United States Court of Appeals
Eighth Circuit.

Oct. 31, 1951.

William R. Hirsch, St. Louis, Mo., for appellant.

William J. Costello, Asst. U. S. Atty., St. Louis, Mo. (Drake Watson, U. S. Atty., St. Louis, Mo., on the brief), for appellee.

Before GARDNER, Chief Judge, and WOODROUGH and RIDDICK, Circuit Judges.

GARDNER, Chief Judge.

This appeal is from an order denying a motion of defendant (appellant) to vacate a sentence of imprisonment imposed on him December 29, 1950. On December 22, 1950, an information was filed against defendant in three counts, for violation of the National Stolen Property Act, Sec. 2314, and Section 2(b), Title 18 U.S. Code. The first count charged that defendant "unlawfully, wilfully, knowingly and feloniously, and with unlawful and fraudulent intent, did transport and cause to be transported in interstate commerce, to-wit, from the City of St. Louis, in the State of Missouri, within the Eastern Division, of the Eastern Judicial District of Missouri, and within the jurisdiction of the Court aforesaid, to the City of San Francisco, in the State of California, a certain falsely made, forged and counterfeited security, to-wit, a certain falsely made, forged and counterfeited Bank of America travelers cheque in the amount of Fifty Dollars ($50.00), bearing number A–4535743, and signed 'Lenn E. Allen'; that said security was then and there, as defendant well knew, false, forged and counterfeit, in that the purported signatures of Lenn E. Allen appearing upon said cheque were false, forged and counterfeit, contrary to the terms and provisions of Section 2314 and Section 2(b), Title 18, United States Code." The second count is identical with the first except that the number of the cheque differed from that given in the first count. The third count is substantially the same as the first except that the cheque therein described was for $100 instead of $50, and purported to be a travelers cheque of the American Express Company.

On December 26, 1950, defendant filed a motion to dismiss alleging that the information on its face showed that the Bank of America travelers cheques were neither falsely made, forged, nor counterfeited. This motion was denied. Defendant on December 29, 1950, entered a plea of guilty to each of the three counts and was sentenced to a term of four years on each count, such terms to run concurrently. On January 27, 1951, he filed a motion to vacate the sentence on the ground that

"The record on its face, including the United States' exhibits, shows that this court has no jurisdiction of the defendant because said record shows that the securities herein were neither falsely made, forged, altered or counterfeited, and the court erred in not dismissing the information." This motion was overruled and defendant prosecutes this appeal from the order overruling his motion. He seeks reversal on the same grounds urged in his motion to vacate the sentence.

It is said in appellant's brief that the cheques were stolen from a bank in Iowa. They were duly signed and issued but they bore the name of no payee on the line therefor in the upper left hand corner of the instruments, nor were they endorsed, the line therefor in the lower right hand corner of the instruments being blank. After they came into the possession of the defendant in the State of Missouri he inscribed in his own handwriting on the blank line in the upper left hand corner of the instruments the name "Lenn E. Allen." According to the information they were transported by him in interstate commerce after this alteration.

The information is couched in the language of the statute. Section 2314, and Section 2(b), Title 18 U.S. Code. The Act does not define forgery but according to Blackstone's definition, which is cited by defendant, it may be defined as "The fraudulent making or alteration of a writing to the prejudice of another man's rights." The information in effect charges that after these securities came into the hands of the defendant he altered them by inserting in the blanks, in his own handwriting, the fictitious name "Lenn E. Allen." This was done with the manifest intent to defraud and he thereafter transported them in interstate commerce. The travelers cheques were payable to order when countersigned by Lenn E. Allen. The obligation created by the issuance of the cheques as against the bank issuing them was complete when the checks were issued even though they required the signature of the one to whom issued and they constituted a security within the purview of the statute. Pines v. United States, 8 Cir., 123.

F.2d 825. The information charged a Federal offense and defendant pleaded guilty to the offense so charged and he can not now be heard to say that he in fact did not commit any offense. The instruments were materially altered and given vitality and it is well settled that the crime of forgery may be committed by the signing of a fictitious or assumed name, provided, of course, that the instrument as so completed is made with intent to defraud. United States v. Turner, 7 Pet. 132, 8 L.Ed. 633; Maloney v. State, 91 Ark. 485, 121 S.W. 728; People v. Campbell, 160 Mich. 108, 125 N.W. 42, 34 L.R.A., N.S., 58; State v. Warren, 109 Mo. 430, 19 S.W. 191; State v. Larson, 39 S.D. 120, 163 N.W. 566.

As the information charged a Federal offense the court had jurisdiction and if on trial the proof failed to show a Federal offense that question could be raised by motion for acquittal, which if denied could be reviewed on appeal. The case of Martyn v. United States, 8 Cir., 176 F.2d 609, is strongly relied on by defendant but in that case the information affirmatively showed that it did not charge a Federal offense. In that case the information itself showed that the checks were not forgeries. They were completed instruments drawn by the party who purported to sign them upon a bank actually existing. The instruments might have been proof of the offense of obtaining money under false representations but the instruments as described were not forgeries.

But there are procedural reasons why the order appealed from must be affirmed. It is universally held that a motion to vacate a sentence or an application for writ of habeas corpus may not be resorted to as a substitute for an appeal. In an opinion of this court, Keto v. United States, 189 F.2d 247, 251, handed down after the motion in this case had been determined by the trial court, the broad question of proper procedure in cases involving motion to vacate sentence was considered with a view of determining for future guidance the controlling principles. We there held that after conviction a sentence is not open to collateral attack on the ground that the information or indictment on which it was based was defective; that such a motion may be urged on such grounds as might be available in a habeas corpus proceeding but that a judgment invulnerable to attack by habeas corpus is likewise invulnerable to attack on motion to vacate judgment. After reviewing many authorities we said: "The rule, then, is that the sufficiency of an indictment or information is not open to collateral attack after conviction unless it appears that the circumstances are exceptional, that the questions raised are of 'large importance', that the need for the remedy sought is apparent, and that the offense charged was one of which the sentencing court manifestly had no jurisdiction."

In this case there are no such exceptional circumstances as to warrant collateral attack on the indictment or information after conviction.

The order here appealed from is therefore affirmed.