### B. E. TAYLOR v. THE STATE.

#### No. 3495. Decided October 31, 1906.

**1.—Forgery—Passing Forged Instrument—Other Offenses.**

On a trial for passing a forged instrument, it was error to permit the State to introduce subpœnæs issued to different counties for witnesses whose names are said to have been signed to certain alleged forged instruments growing out of the main forgery, to show by the returns of such subpœnæs that the parties could not be found and were therefore fictitious persons. Such testimony was totally irrelevant, immaterial and prejudicial.

**2.—Same—Evidence—Letters—Due Course of Mail.**

Upon a trial for passing a forged instrument, it was error to admit the introduction in evidence of some letters purporting to have been signed by the defendant, without proving their genuineness; and the fact that they were received in due course of mail was not a sufficient predicate for their introduction in evidence.

**3.—Same—Privileged Communication—Attorney and Client.**

Upon a trial for passing a forged instrument where the introduction of certain letters alleged to have been written by defendant or by his authority, was questioned, the fact that they had been written by the defendant's attorney at his request should have excluded them on that ground; and if written by the attorney's own volition they were not authorized by the defendant and therefore inadmissible. Neither were letters admissible which were supposed to have been written by defendant's wife in his absence, and which were not connected up to show that they were written at his request.

**4.—Same—Charge of Court—Other Offenses—Weight of the Evidence.**

Upon a trial for passing a forged instrument where there was evidence of collateral forgeries and passing forged instruments, the court should have charged the jury that before they could consider any collateral matters growing out of the main transaction or connected with it as evidence against defendant, even bearing upon his intent, motive, etc., the alleged collateral forgeries must be found to be forgeries before they could be considered as collateral crimes.

Appeal from the District Court of Bexar. Tried below before the Hon. Edward Dwyer.

Appeal from a conviction of passing a forged instrument; penalty, two years imprisonment in the penitentiary.

The statement of this case will be found in 47 Texas Crim. Rep., upon a former appeal.

*Newton & Ward, P. H. Swearingen,* for appellant.—On question of admitting letters: Hernandez v. State, 18 Texas Crim. App., 134. On question of attorney and client: Sutton v. State, 16 Texas Crim. App., 490; Orman v. State, 22 id., 511. On question of collateral crime: Kelley v. State, 18 Texas Crim. App., 262; McGlasson v. State, 37 Texas Crim. Rep., 622; Gilbraith v. State, 41 Texas, 567.

*J. E. Yantis,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—This is the second appeal from a conviction of passing a forged instrument. There are a great many very interesting questions suggested for revision, but from a review of the record, these may be condensed into a few leading propositions.

During the trial the State was permitted to introduce subpœnas issued to different counties for witnesses. Various objections are urged to the introduction of this testimony. The theory of the State was that appellant, either forged, or passed as true the instrument alleged in the indictment, when he had knowledge of its forgery. There were also other alleged forgeries growing out of the same transaction used as evidence against the accused. The subpœnas contained with others the names of the parties whose names are said to have been signed to the forged instruments. The returns on the subpœnas were also introduced in evidence showing that the parties could not be found in the counties to which said subpœnas were sent. This character of evidence, under the circumstances of this case, was not admissible against accused. Had the question arisen upon diligence to secure the attendance of these witnesses on a contest made by the State to avoid a successful

result of an application for continuance, perhaps this would have been legitimate before the court. It was not evidence to go before the jury to prove the fact or tend to prove the fact that the parties whose names are said to have been forged were fictitious persons. It was totally irrelevant and immaterial and fully prejudicial. Felsenthal v. State, 30 Texas Crim. App., 675; Attaway v. State, 31 Texas Crim. Rep., 475; Shamburger v. State, 24 Texas Crim. App., 433; Long v. State, 17 Texas Crim. App., 128. We are of opinion that the cases of Felsenthal and Attaway are conclusive of the question. In Shamburger's case, a change of venue had occurred at the instigation of appellant upon both grounds of the statute. In the county to which the venue was changed upon the trial the motion and the adjudication of this question, as shown by the record from that county to the county to which the venue was changed, was introduced before the jury. It was held that this testimony was not only inadmissible, but injurious.

One of the most serious questions arising on the trial of this case was whether or not Wm. and Charles Arntz and Chas. Rogers, signers of the different alleged forgeries, were real or fictitious persons. The introduction of these subpoenas, with the return of the sheriff, to the effect that no such persons lived in or could be found in the counties to which the process was issued, bore upon this question, and evidently was intended to convince the jury that they were fictitious persons.

Bills of exception were reserved to the introduction of some letters, purporting to have been signed by appellant. The court qualifies the bills by stating, that they were received in the regular course of the mail. This was not sufficient to admit the letters. If the contents of the letters were relevant, before they were admissible, it must be shown that appellant signed the letters or authorized his name to be signed to them. The mere fact that they were received in due course of mail, is not a sufficient predicate for their introduction. Law of Evidence by Burr W. Jones, sec. 599. The text laid down by Mr. Jones is, "Before letters are received in evidence, there must be, as in the case of other documents, some proof of their genuineness. This is not proved by the mere fact that the letter is received by mail, when the signature is not proved." In support of this he cites Sweeney v. Ten Mile Oil Co., 130 Pa. St., 193. A letter written by Davis was also introduced upon the theory that he was acting at the instigation and request of appellant. This letter was written in regard to the land supposed to furnish the basis for the alleged forgery, and set out in the vendor's lien note, which is declared upon as a forgery. Without going into a detailed statement of facts bearing upon this issue, as shown by the bill of exceptions, it is sufficient to state that the evidence shows Davis was and had been the attorney of appellant, and if the letter was written by him at the request of appellant, it was privileged by reason of the relation of attorney and client. If not written by Davis at the request of appellant, but at his (Davis') own instigation, it was the act of a third party, and therefore inadmissible.

Similar letters were also introduced which were supposed to have been written by Mrs. Taylor (wife of appellant) and in his absence. Without going into the relation of husband and wife in this connection, and as to whether her act could be used against appellant, in writing these letters, even if done at his request, we are of opinion that the matter is not sufficiently connected up to show that those letters were written at his request.

It is urged that some portions of the court's charge are incorrect, and the assumption of fact in the charge is on the weight of evidence. The principal attack is made upon the following portion of the charge: "I further charge you that defendant is on trial alone for the offense charged in the indictment hereinbefore submitted to you, and cannot be convicted for any other offense or upon any other transaction than that charged in the second count of the indictment in this case. And if you believe from the evidence beyond a reasonable doubt that the State has connected defendant with collateral forgeries and passing of forged instruments, if any, other than that alleged in the indictment, you are instructed you can only consider such testimony establishing such collateral forgeries and passing of forged instruments, if any, for the purpose alone for which it was admitted; that is, for the purpose of illustrating the motive, system and intent, if they do so illustrate, the system, motive and intent of defendant in passing as true, if he did so pass, the alleged forged instrument for which he is on trial. But in no event must you consider such testimony, if any, as proof of the commission of the offense for which defendant is on trial." Upon another trial the criticism imposed on this charge can be avoided. It has relation to that part of the charge in which the court instructs the jury, that if they should believe from the evidence beyond a reasonable doubt that the State has connected defendant with collateral forgeries and passing of forged instruments, etc. The jury should be plainly informed that before they could consider any collateral matters growing out of this transaction or connected with it, as evidence against defendant, even bearing upon his intent, motive, etc., those alleged collateral forgeries must be found to be forgeries. If they are not forgeries, they would not be admissible as collateral crimes, and the court should not leave the impression upon the jury by the wording of his charge that the court believes them to be forgeries. Nor must there be an assumption that they are forgeries. It is a very important question in this case to defendant, when such evidence is used as evidence of his guilt that the collateral crimes be shown to be forgeries. If they are, they become pregnant circumstances; if not, an impression conveyed to the minds of the jury by the court of his belief, would be tantamount to instructing the jury that they were forgeries, when perhaps they might find otherwise. Be that as it may, we believe that the charge as given is subject to the criticism imposed.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*