**Stephen GEORGE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 006–93.**

Court of Criminal Appeals of Texas, En Banc.

Dec. 21, 1994.

**74**

Brian W. Wice and Richard Frankoff, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., and Karen A. Clark & Stephanie Stephens, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

MALONEY, Judge.

A jury convicted appellant of terroristic threat pursuant to TEX.PENAL CODE ANN. § 22.07(a)(2),[1] and the trial court assessed punishment at imprisonment for one hundred and eighty days, probated for two years, and a $1,000 fine. The First Court of Appeals reversed the conviction. *George v. State*, 841 S.W.2d 544 (Tex.App.—Houston [1st Dist.] 1992). We granted the State's petition for discretionary review to determine whether, if requested at the guilt/innocence phase of trial, the trial court must instruct the jury not to consider extraneous offense evidence admitted for a limited purpose under TEX. R.CRIM.EVID. 404(b),[2] unless it believes beyond a reasonable doubt that the defendant committed the extraneous offense. We will affirm.

Appellant and his estranged wife, the complainant, were involved in a bitter divorce and custody battle. Appellant made a telephone call to his son who refused to talk to him. When the complainant so informed appellant, he told her, "I'm going to kill you, bitch." To show that appellant intended to place the complainant in fear of imminent serious bodily injury, the State presented evidence that appellant had assaulted her on previous occasions.

The trial court limited the jury's consideration of extraneous offenses to the issue of appellant's intent, but denied appellant's requested instruction that the jury could not consider evidence of extraneous offenses unless it believed beyond a reasonable doubt that appellant committed them.[3]

---

1. Section 22.07(a)(2) of the Texas Penal Code provides:

   (a) A person commits [terroristic threat] if he *threatens to commit* any *offense involving violence* to any person or property with intent to:
   . . .
   (2) place any person in fear of imminent serious bodily injury.... 
   TEX.PENAL CODE ANN. § 22.07(a)(2).

2. Rule 404(b) of the Texas Rules of Criminal Evidence provides, in pertinent part:

   Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in con-

formity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident....
   TEX.R.CRIM.EVID. 404(b).

3. The trial court instructed the jury:
   You have received evidence of alleged extraneous offenses committed by the defendant. This evidence is admitted to assist you in making your determination with regard to the alleged intent of the defendant in this case, if it does so, and shall not be considered by you for any other purpose including the defendant's character or that he acted in conformity with such conduct.

The Court of Appeals held the trial court erred in denying the requested instruction. *George,* 841 S.W.2d at 549 (citing *Ray v. State,* 382 S.W.2d 270, 271 (Tex.Crim.App. 1964); *Curry v. State,* 169 Tex.Crim. 195, 333 S.W.2d 375, 376 (1960); *Ernster v. State,* 165 Tex.Crim. 422, 308 S.W.2d 33, 34–35 (1957); *Nichols v. State,* 138 Tex.Crim. 324, 136 S.W.2d 221, 221–22 (1940);[4] *Miller v. State,* 122 Tex.Crim. 59, 53 S.W.2d 790, 791–92 (1932); *Rodriguez v. State,* 687 S.W.2d 505, 508 (Tex.App.—Houston [1st Dist.] 1985, no pet.); 8 Michael J. McCormick & Thomas D. Blackwell, Texas Criminal Forms and Trial Manual § 88.05 (Texas Practice 1985)). The court also found the error harmful. *Id.*

[redacted] The Harris County District Attorney[5] concedes that "Texas law has for years required a charge instructing the jury that, before they can consider evidence of extraneous bad acts, they must find beyond a reasonable doubt that the defendant committed those acts." The State Prosecuting Attorney concedes this as well. The State contends, however, that since the enactment of the Texas Rules of Criminal Evidence the case law relied upon by the Court of Appeals is no longer good law. The State argues that the jury instruction issue is inextricably tied to the standard of proof, for purposes of admissibility, applicable to the State in proving the defendant committed an extraneous offense. We agree. The State further argues that the standard of admissibility for extraneous offenses is not proof beyond a reasonable doubt; therefore, the standard for jury consideration of extraneous offense evidence is not proof beyond a reasonable doubt either. For the following reasons, we disagree with the State's latter contention.

In *Lankford v. State,* 93 Tex.Crim. 442, 248 S.W. 389 (1923), the defendant was charged with possession of intoxicating liquor for purposes of sale, and the State introduced evidence of extraneous sales of intoxicating liquor. We wrote:

> It is the settled law in this state that when evidence of collateral crimes is introduced for one of the various purposes for which such evidence becomes admissible, the jury should be instructed that they cannot consider against the defendant such collateral crimes, unless it has been shown to their satisfaction that the accused is guilty thereof. This has been held to be the correct doctrine as applicable to collateral forgeries, thefts, and other crimes, and we can see no sort of reason for attempting to draw a distinction between the application of said rule in other felony cases and the one now under consideration. If it be true that the jury must be instructed as to a collateral theft or forgery or other collateral crime under our established decisions, that they must believe that guilt of the accused in such collateral crime has been shown beyond a reasonable doubt before same can be considered against him in determining his guilt in the case on trial, then the same rule is applicable here, and the jury should have been told that they could not consider as a guilty circumstance appellant's selling intoxicating liquor in violation of law on the dates named, unless such guilt was shown by legal evidence beyond a reasonable doubt.

*Lankford,* 248 S.W. at 389–90 (citations omitted).[6] Since *Lankford,* we have consistently required that juries be instructed not to consider extraneous offense evidence unless they believe beyond a reasonable doubt that the defendant committed such offense. *See, e.g., Ernster,* 308 S.W.2d at 34–35; *Nichols,* 136 S.W.2d at 221–22; *Vaughn v. State,* 135 Tex. Crim. 205, 118 S.W.2d 312 (1938); *Miller,* 53 S.W.2d at 791–92.

As the State asserts, and we presume, the standard for jury consideration of extraneous

4. The Court of Appeals mistakenly styles this case *"Nicholas v. State."*

5. Both the Harris County District Attorney and the State Prosecuting Attorney have filed briefs in this cause. References to "the State" refer to both entities.

6. The extraneous offense evidence was elicited through an accomplice, and this Court held the trial court "should have instructed the jury that the fact of such sales could not be considered against the appellant unless his guilt thereof was shown by legal testimony." *Lankford,* 248 S.W. at 389.

offense evidence was intended to mirror the standard for admissibility of that evidence. *Harrell v. State,* 884 S.W.2d 154, 159 (Tex. Crim.App.1994). Long before the enactment of our rules of evidence, the standard of admissibility for extraneous offenses was at one time proof beyond a reasonable doubt. *See Haley v. State,* 84 Tex.Crim. 629, 209 S.W. 675, 677 (1919); *Pelton v. State,* 60 Tex.Crim. 412, 132 S.W. 480, 484 (1910) (op. on reh'g). In later years, the Court announced a standard of admissibility known as "clear" proof which has been anything but clear as to its meaning. *See Harrell,* 884 S.W.2d at 158 and cases cited therein.

In *Harrell,* we held that after the enactment of the Texas Rules of Criminal Evidence, for purposes of admissibility of extraneous offenses, the standard of proof applicable to the State in proving the defendant committed an extraneous offense is beyond a reasonable doubt. *Id.* at 159 & 160. Because the standard of proof necessary to admit extraneous offenses is beyond a reasonable doubt, the previous rationale for requiring the jury to find beyond a reasonable doubt that the defendant committed the extraneous offenses continues to exist.[7]

■ Thus, we hold, if the defendant so requests at the guilt/innocence phase of trial, the trial court must instruct the jury not to consider extraneous offense evidence admitted for a limited purpose unless it believes beyond a reasonable doubt that the defendant committed the extraneous offense.[8]

The judgment of the Court of Appeals is AFFIRMED.

WHITE, J., not participating.

CLINTON, Judge, concurring.

In *Harrell v. State,* 884 S.W.2d 154 (Tex. Cr.App.1994), the issue was the standard for admissibility of evidence of extraneous misconduct evidence under Tex.R.Cr.Evid., Rules 404(b) and 104(b). The majority in *Harrell* observed that caselaw in Texas has required for the better part of a century that a jury be instructed it must find beyond a reasonable doubt that the accused committed extraneous misconduct before it can consider such misconduct for any purpose at trial. The State had argued in *Harrell* that we should reexamine that requirement, both in light of the genesis of that rule, and the promulgation of the Rules of Criminal Evidence in 1986. In fact, the State asked the Court to grant the instant petition for discretionary review in order to decide the question of the appropriate jury instruction in tandem with the question of the proper standard for admissibility. We acceded to the State's request.

Nevertheless, without recourse to the briefs in this cause, and without re-examining the nearly-century-old caselaw to determine whether it should still apply under the new rules, the majority in *Harrell* simply concluded uncritically that the law still requires a jury instruction that the jury must find an accused committed extraneous misconduct to a level of confidence beyond a reasonable doubt. On the basis of that naked assumption, the Court then concluded that the trial judge must determine as a threshold matter under Rule 104(b) that a jury would be able to find beyond a reasonable doubt that the accused committed the extraneous misconduct before he can admit evidence of it. In short, the majority reasoned that if the law requires that the jury be instructed to find to a level of confidence beyond a reasonable doubt, then the standard governing admissi-

---

7. In *Harrell,* supra, and in the instant case, we have declined to overrule long-standing precedent and have also reaffirmed that the standard for jury consideration of extraneous offense evidence and the standard for admissibility of that evidence should remain consistent. Although Judge Clinton in his concurring opinion agrees that precedent on these issues should not be overruled, he spends a good deal of time berating a majority of this Court for its decision to address *Harrell* and the instant case separately.

His opinion adds nothing to the jurisprudence of the state.

8. We are not concerned with the jury instruction given at punishment. *But cf.* Tex.Code Crim.Proc. Ann. art. 37.07, § 3(a) (extraneous offenses are admissible at the punishment phase of a non-capital trial of an offense occurring on or after September 1, 1993 if the State proves beyond a reasonable doubt that the defendant committed the extraneous offense).

bility must be whether a jury could make a finding to that level of confidence. In a concurring opinion I criticized the majority for failing to address the question whether the law does in fact still require that juries be instructed on the reasonable doubt standard, and for failing to consider the briefs in this cause on that question.

Today I am nothing less than astounded at how the same majority that made up the Court in *Harrell* now resolves the State's claim in this cause. With dizzying circularity, the majority reasons that because the standard for admissibility is proof beyond a reasonable doubt, it must therefore be appropriate also to instruct a jury it must find an accused committed extraneous misconduct beyond a reasonable doubt. Maj.Op. at 76. By this nifty bit of legerdemain the majority has managed to dodge the State's central contention in both *Harrell* and this cause. Such blatant avoidance is especially inappropriate in a discretionary review court, the job of which is to confront the difficult issues head-on.

The core questions in both *Harrell* and here is whether the old cases requiring a jury instruction on the reasonable doubt standard were rightly decided at the time, and, even if they were, whether they have been supplanted by the new rules. Perhaps the best answer to the first of these questions is that under the doctrine of *stare decisis*, it is sometimes better to be definite than to be correct. Even if our original holding requiring a reasonable doubt instruction for extraneous misconduct did derive from a misinterpretation of earlier caselaw, as the State contends, it is now firmly embedded in our jurisprudence.* Moreover, it is doubtful that the State has suffered over the years from the submission of the reasonable doubt instruction nearly so much as it has suffered from its occasionally successful

resistance to its submission, and resulting reversal on appeal. For these reasons I am not inclined to overrule the prior caselaw.

Nor do I believe the Rules of Criminal Evidence have supplanted the prior caselaw. Rule 104(b) allows admission of evidence of extraneous misconduct pursuant to Rule 404(b) so long as there is "evidence sufficient to support a finding" that the accused committed the misconduct. The rule does not specify a level of confidence to which a jury must be able to· make that finding. The State argues that because for purposes of the federal analog to our Rule 104(b), the Supreme Court has identified the level of confidence as proof by a preponderance of the evidence, in *Huddleston v. United States,* 485 U.S. 681, 108 S.Ct. 1496, 99 L.Ed.2d 771 (1988), so should we. Concurring in *Harrell,* I pointed out that the Supreme Court's designation of preponderance of the evidence as the applicable standard was basically *ipse dixit,* not supported by anything in the federal rules themselves. *Harrell v. State,* supra, at 163 & n. 2 and 165 & n. 5 (Clinton, J., concurring). Because I rejected the majority's "presumption" that the standard for admissibility of extraneous offense evidence under Rule 104(b) "mirrors" the standard of proof by which jurors must be instructed to find an accused committed extraneous misconduct, I rejected the conclusion that Rule 104(b) requires the trial judge to make a preliminary assessment that a jury could make that determination to any particular level of confidence at all, much less proof beyond a reasonable doubt. In my view, the "clear showing" standard from prior caselaw is serviceable. *Id.,* at 165–66.

Rule 104(b) also does not govern jury instructions, at least not on its face. Again, the rule prescribes no particular level of confidence by which a factfinder ultimately

---

* The State contends that in *Taylor v. State,* 50 Tex.Cr.R. 381, 97 S.W. 474 (1906), this Court noticed, but did not endorse, a reasonable doubt instruction that had been given in the trial court. The necessity of such an instruction, however, was not in issue. Subsequently, in *Pelton v. State,* 60 Tex.Cr.R. 412, 132 S.W. 480 (1910) (opinion on rehearing), the State argues, we misconstrued the holding in *Taylor* to arrive at the conclusion "that evidence of extraneous offenses is inadmissible absent proof beyond a reasonable doubt that the defendant committed the extraneous act, and piggy-backed onto that holding a requirement that the trial judge instruct the jury to disregard evidence of an extraneous offense unless it was convinced beyond a reasonable doubt that the defendant committed the extraneous crime." State Prosecuting Attorney's Brief at 16–17.

must find that the "condition" upon which the relevance of extraneous misconduct depends—that the accused committed it—is "fulfilled." We are equally at liberty to fall back upon the prior caselaw to determine what standard of proof the factfinder must use as we are to rely upon prior precedent defining the threshold standard of admissibility. I see no reason to adopt the federal *ipse dixit* of preponderance of the evidence when this Court has long found proof beyond a reasonable doubt to be the more appropriate standard, at least in the context of extraneous misconduct evidence.

I therefore once again concur in the result, but do not join the opinion of the Court.

McCORMICK, P.J., joins this opinion.