Opinion issued April 8, 2004















In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00312-CR




EDWARDO RODRIGUEZ, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 180th District Court
Harris County, Texas
Trial Court Cause No. 908839 




O P I N I O N
          Following a jury trial, appellant, Edwardo Rodriguez, was convicted of
aggravated assault on a family member. The complainant is appellant’s wife. The
trial court assessed appellant’s punishment at six years’ confinement in prison. In
two issues, appellant contends that the trial court erred in (1) admitting testimony that
impliedly commented on appellant’s pre-arrest refusal to give a statement to the
police and (2) by failing to instruct the jury sua sponte during the guilt-innocence
phase that an extraneous act could not be considered unless the jury found beyond a
reasonable doubt that appellant committed the act.
          We affirm.
Background
          The complainant and appellant had been married approximately five years
when the complainant filed for divorce. One morning, the complainant was walking
home after dropping her daughter at school when appellant drove up in his van and
told complainant he would give her a ride home. Reluctantly, the complainant got
into appellant’s van. Initially, appellant was nice to the complainant but after he
drove past the complainant’s house, he began yelling. Appellant told the complainant
that he was upset with her and that she was “going to pay.” The complainant became
scared and tried to get out of the van, but appellant grabbed her arm. When the
complainant began to scream, appellant covered her mouth and told her that he was
going to kill her. The complainant suddenly found herself on the floor in the back of
the van struggling with appellant. Appellant was choking the complainant to the
point that she could not breathe. Appellant then threatened the complainant with a
screwdriver and again told her that he was going to kill her. In an effort to save her
life, the complainant began asking appellant why he was “doing this” and repeatedly
told appellant that she loved him. Appellant threw down the screwdriver, began
crying, and told the complainant, “Look what you have made me do.” As a result of
the attack, the complainant had bruises covering her body.
          Several days later, the complainant contacted the police. The complainant told
Houston Police Officer David Garcia about the attack and gave a statement. At that
time, Officer Garcia called appellant to obtain his version of the events. Officer
Garcia made the call on a speaker phone, which allowed the complainant to hear the
conversation. During the telephone call, appellant became angry and told Officer
Garcia that if the officer wanted to talk to him, then the officer should “come over”
and that appellant would have “something” for the officer. At trial, Officer Garcia
testified that he felt threatened by appellant’s remarks.
Testimony Implicating Pre-Arrest Silence
          In his first issue, appellant contends that the trial court erred by allowing the
State to introduce testimony from the complainant and Officer Garcia that violated
his Fifth Amendment right against self-incrimination. Appellant initially states his
first issue as follows: “The trial court erred in the guilt/innocence phase of the trial
when the State was allowed to elicit testimony that the police officer investigating the
case asked the defendant/appellant to make a statement and the defendant/appellant
did not give an explanation.” 
          Despite the initial phrasing of appellant’s first issue, the substance of
appellant’s argument offered in support of this issue focuses on the witnesses’
testimony regarding the threatening remarks appellant made to Officer Garcia on the
telephone when Officer Garcia asked appellant if he wanted to give a statement. 
Appellant reasons that such testimony left the jury with the impression that appellant
refused to speak to Officer Garcia and chose to remain silent. Appellant advances the
proposition that permitting evidentiary use of pre-arrest silence violates the Fifth
Amendment.


 
          Appellant did not object to the admission of the testimony that he now
complains of on appeal. Rather, appellant expressly objected to the State’s eliciting
testimony from the complainant and from Officer Garcia that appellant refused to
give a statement to the police. Neither witness gave such testimony.


 
          Appellant did not object to the admission of the witnesses’ testimony regarding
the threatening remarks that appellant made on the telephone to Officer Garcia. 
When the trial court instructed the complainant to state only what appellant had
actually said to Officer Garcia, appellant did not object. And when the State asked
the witnesses what appellant said to Officer Garcia, appellant also did not object.           Regardless of the propriety of his complaint, appellant has not preserved error
for our review regarding the witnesses’ testimony. For appellant to have preserved
error, the record must show that he made a timely and specific objection to the
admission of the complained-of testimony, and that the trial court made an express
or implied ruling on the objection. Tex. R. App. P. 33.1; Tex. R. Evid. 103. The
point of error on appeal must comport with the objection made at trial. Thomas v.
State, 723 S.W.2d 696, 700 (Tex. Crim. App. 1986). Because appellant’s complaint
on appeal does not comport with his trial objection, he has waived this issue. Tex.
R. App. P. 33.1; Wilson v. State, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002). 
          We overrule appellant’s first issue.
Failure to Give Jury Instruction Relating to Extraneous Act
          In his second issue, appellant contends that the trial court erred by failing to
instruct the jury during the guilt-innocence phase that an extraneous act could not be
considered unless the jury found beyond a reasonable doubt that appellant committed
the act. We disagree.
          In George v. State, the Court of Criminal Appeals held that, if requested at the
guilt-innocence phase of the trial, the trial court must instruct the jury not to consider
extraneous offense evidence admitted for a limited purpose unless it is believed
beyond a reasonable doubt that the defendant committed the extraneous offense. 890
S.W.2d 73, 76 (Tex. Crim. App. 1994). Even though he admittedly did not make
such a request, appellant argues that the trial court should have sua sponte given such
an instruction. 
          In support of his position, appellant cites Huizar v. State, 12 S.W.3d 479 (Tex.
Crim. App. 2000). The Huizar court held that, in the punishment phase of non-capital
cases, a trial court is statutorily required under Code of Criminal Procedure article
37.07, section 3(a), but not constitutionally required, to instruct a jury sua sponte that
it may not consider extraneous-offense evidence unless it finds the extraneous
offenses have been proven beyond a reasonable doubt. Id. at 484-85. 
          The issue of whether the holding in Huizar should be extended to apply to the
guilt-innocence phase has been decided neither by the Court of Criminal Appeals nor
by an intermediate appellate court in a published opinion. The San Antonio and
Dallas Courts of Appeals in unpublished opinions have extended Huizar’s holding
to require the trial court to give the reasonable doubt instruction for extraneous
offenses during the guilt-innocence phase. See Chapa v. State, No. 04-02-00346-CR,
2003 WL 1025148 at *1-*2 (Tex. App.—San Antonio March 12, 2003, pet. ref’d)
(not designated for publication); Arnold v. State, No. 05-01-01733-CR, 2002 WL
31569537 at *1 (Tex. App.—Dallas Nov. 20, 2002, no pet.) (not designated for
publication). The Amarillo and Fourteenth Courts of Appeals have reached the
opposite conclusion. See Gilbert v. State, No. 14-02-00727-CR, 2003 WL 22176625
at *4 (Tex. App.—Houston [14th Dist.] Sept. 23, 2003, no pet.) (not designated for
publication); Salazar v. State, No. 07-01-0389-CR, 2002 WL 246642 at *3 (Tex.
App.—Amarillo Feb. 21, 2002, pet. denied) (not designated for publication). 
Because the statutory duty discussed in Huizar does not apply to the guilt-innocence
phase of trial, we agree with the Amarillo and Fourteenth Courts of Appeals and hold
that the trial court in this case did not err by failing to give the reasonable doubt
instruction for extraneous offenses.


 
          We overrule appellant’s second issue.
Conclusion 
          Having overruled both of appellant’s issues, we affirm the trial court’s
judgment.




                                                             Laura Carter Higley
                                                             Justice

Panel consists of Justices Taft, Hanks, and Higley.

Publish. Tex. R. App. P. 47.2(b).