Affirmed and Memorandum Opinion on Remand filed June 18, 2009








Affirmed and Memorandum Opinion on Remand filed June 18, 2009.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-05-00865-CR

NO. 14-05-00866-CR

_______________

 

CURTIS LEE BASS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the 262nd District Court

Harris County, Texas

Trial Court Cause Nos. 1003554 &
1003555

                                                                                                                                               


 

M E M O R
A N D U M   O P I N I O N   O N   R E M A N D








This
case is before the court on remand from the court of criminal appeals.  See
Bass v. State, 270 S.W.3d 557 (Tex. Crim. App. 2008).   On appeal from his
conviction of two counts of indecency with a child, appellant initially raised
the following four issues:  (1) whether the trial court erred by admitting
evidence of extraneous offenses in violation of the Texas Rules of Evidence and
due process, (2) whether the evidence was legally and factually insufficient to
sustain his conviction, (3) whether the trial court erred by excluding
testimony that the complainant in the present case, S.D., had falsely accused
another man of rape, and (4) whether the trial court erred by excluding
evidence that a grand jury had no-billed one of the extraneous offenses at
issue.  In our original
opinion, we held the evidence was legally sufficient to support appellant=s conviction, but reversed and
remanded, concluding that the trial court had abused its discretion by
admitting the extraneous-offense evidence. Bass v. State, 222 S.W.3d
571, 578B79, 580 (Tex. App.CHouston [14th Dist.] 2007), rev=d, 270 S.W.3d 557 (Tex. Crim. App. 2008).

The
court of criminal appeals disagreed, holding the trial court had not abused its
discretion in admitting the extraneous-offense evidence because the evidence
was admissible to rebut appellant=s defensive theories that (1) the
complainant had fabricated her allegations against him and (2) appellant would
not engage in this type of behavior.  270 S.W.3d at 563.  The court remanded
this case Afor further proceedings consistent with this opinion.@  Id. at 564.

We now
dispose of the remaining issues.  Because all dispositive issues are clearly
settled in law, we issue this memorandum opinion and affirm.  See Tex.
R. App. P. 47.4.

I.  Analysis[1]

A.        Issue One:  Admission of Extraneous
Offense Evidence as a Due Process Violation 








As part
of issue one, appellant complains that admission of extraneous offense evidence
violated his right to due process.  As discussed above, the court of criminal
appeals held the evidence was relevant to appellant=s defensive theories; therefore, the
trial court did not abuse its discretion.  Because the evidence was admissible
to rebut appellant=s contention that the complainant was fabricating and
appellant was not the type of person who would engage in such acts, admission
of the evidence did not violate appellant=s due process rights.  See Phelps
v. State, 5 S.W.3d 788, 790B92, 798 (Tex. App.CSan Antonio 1999, pet. ref=d) (holding admission of evidence of
extraneous offenses against defendant=s ex-wife and thirteen-year-old child
victim of offense at issue did not violate defendant=s due process rights given defendant=s evidence appellant was passive and
his wife at time of offense was source of victim=s testimony).

Pursuant
to instructions from the court of criminal appeals, and for the foregoing
reasons, we overrule appellant=s first issue.

B.        Issue Two: Legal and Factual Sufficiency
of the Evidence

In issue
two, appellant argues the evidence was legally and factually insufficient to
support his conviction.  In our previous opinion, we concluded the evidence was
legally sufficient.  See Bass, 222 S.W.3d at 579B80.  We do not repeat that discussion
here.

In
conducting a factual sufficiency review, we begin with the presumption the
evidence is legally sufficient under Jackson v. Virginia, 443 U.S. 307
(1979).  Conner v. State, 67 S.W.3d 192, 198 (Tex. Crim. App. 2001).  We
then consider all of the evidence in the record, comparing evidence that tends
to prove the existence of an elemental fact in dispute to the evidence that tends
to disprove it.   Id.  We are authorized to disagree with the jury=s determination even if probative
evidence exists which supports the verdict, but must avoid substituting our
judgment for that of the fact‑finder.  Id.  Before we may reverse
for factual insufficiency, we must first conclude, with some objective basis in
the record, that the great weight and preponderance of the evidence contradicts
the jury=s verdict.  Watson v. State,
204 S.W.3d 404, 417 (Tex. Crim. App. 2006).  As the court of criminal appeals
explained:








Both legal and factual sufficiency standards require the reviewing
court to consider all of the evidence.  AThe
difference between the two standards is that the former requires the reviewing
court to defer to the jury=s credibility
and weight determinations while the latter permits the reviewing court to
substitute its judgment for the jury=s
on these questions >albeit to a very limited degree.=@ In reality, a Afactual‑sufficiency
review is >barely distinguishable= from a Jackson v. Virginia legal sufficiency review.@

 

Rollerson v. State, 227 S.W.3d 718, 724 (Tex. Crim.
App. 2007) (citations omitted).

Appellant
does not argue the evidence is factually insufficient to support any particular
element of the offense of indecency with a child.  Instead, he argues the
complainant was not credible.

Appellant
first questions S.D.=s credibility because she waited ten years to report the
incidents.  However, at trial, expert Dr. Judy Rambur testified that the child
would have self-doubts and feel like no one would believe her if she reported
it to school administrators who told her the story was not credible.  We
conclude the jury could have reasonably relied on this testimony as a credible
explanation for S.D.=s ten year delay in reporting the two incidents to the
police.

Appellant
next argues the Apage that references the June 23, 1994 incident@ is different from other pages in
S.D.=s journal.  Appellant=s argument on this point is somewhat
unclear because the two incidents occurred on February 23, 1994 and June 7,
1994, respectively.  The journal is written in both cursive and print, varying
from entry to entry and within entries.  The majority of the entries include
the date, day of the week, and time of entry.  The majority are also written
horizontally on the lines of the notebook paper.  In addition, S.D. referred to
date-specific events, thus lending to the credibility of the journal.  For
example, S.D. wrote about attending an Oilers= game on Sunday, September 20, 1992
and a concert at the Houston Rodeo on March 2, 1994 (even pasting the ticket
stubs in the journal), and about the Rockets= winning the
championship on June 22, 1994.  We conclude the jury could have reasonably
found the journal reliable.








Appellant also asserts the November 16, 1994 journal entry
does not specify appellant touched her vaginal area.  However, this entry
contains a description of the events surrounding the confrontation in the
school administrator=s office with details described by S.D. to
the administrators.  Specifically, she wrote they asked her where on her body
appellant touched her and she motioned with her hands toward her chest, to
which an administrator said, Ayour breast.@  Because the
journal entry focused on what happened in the school administrator=s office, rather
than on the assaults themselves, we conclude the jury could have believed the
reliability of the journal even though there was no reference to appellant=s touching S.D.=s vaginal area.

Finally, appellant refers to S.D.=s inaccurate
description of appellant=s church office and the fact that she told
the press she had remained Asilent@ after the
incidents when, in fact, she later told some family members and close friends. 
Although both of these examples may have affected S.D.=s credibility, the
jury chose to believe S.D.

After reviewing all of the evidence in the record, we
cannot conclude the great weight and preponderance of the evidence contradicts
the jury=s verdict.  See
Watson, 204 S.W.3d at 417.  Accordingly, we conclude the evidence is
factually sufficient.

We
overrule appellant=s second issue.

C.        Issues Three and Four:  Exclusion of
Defense Evidence

In issue
three, appellant complains the trial court erred by excluding testimony the
complainant, S.D., had falsely accused another man of sexual assault; in issue
four, by excluding evidence a grand jury had no-billed one of the extraneous
offenses at issue.  We review a trial court=s decision to admit or exclude
evidence for abuse of discretion.  Scott v. State, 222 S.W.3d 820, 823
(Tex. App.CHouston [14th Dist.] 2007, no pet.)  We will not disturb the trial court=s ruling unless it falls outside the Azone of reasonable disagreement.@  Montgomery v. State, 810
S.W.2d 372, 391 (Tex. Crim. App. 1991); Scott, 222 S.W.3d at 823.








Moreover,
as a prerequisite to presenting a complaint for appellate review, the record
must show the party Astated the grounds for the ruling that [he] sought from the
trial court with sufficient specificity to make the trial court aware of the
complaint.@  Tex. R. App. P. 33.1; Reyna v. State, 168 S.W.3d 173, 177 (Tex.
Crim. App. 2005).  It is not enough to tell the judge evidence is admissible.  Reyna,
168 S.W.3d at 177.  The proponent, if he is the losing party, must have told
the judge why the evidence was admissible.  Id.  The complaining party
on appeal must have brought to the trial court=s attention the very complaint that
party is now making on appeal.  Id.  Stated differently, appellant=s issue on appeal must comport with
his objection at trial.  Wilson v. State, 71 S.W.3d 346, 349 (Tex. Crim.
App. 2002).   

False
accusation evidence.  In issue three, appellant contends the trial court erred and violated
his Sixth Amendment right to confrontation by excluding testimony S.D. had
falsely accused another man of rape.  See
U.S. Const. Amend. VI.  Appellant=s complaint on
appeal, however, does not comport with his complaint in the trial court.  In
making a bill on the record regarding exclusion of the testimony, appellant=s counsel stated: 

Denying Curtis Bass, Your Honor, effective assistance under the Sixth
Amendment, Article 1, Section 10 of the Texas Constitution.  It also
denies him due process and due course of law under Article 1, Section 15 and
due process under Article 1, Section 19 of the Texas Constitution.  For
that reason, we object to the Court preventing us from introducing that
relevant evidence.

 

Appellant
did not proffer the evidence pursuant to the confrontation clause of the Sixth
Amendment.  Instead, appellant stated his proffer was based on Aeffective assistance under the Sixth
Amendment.@  Appellant=s issue on appeal does not comport with his objection at
trial.  We therefore overrule appellant=s third issue.

No-bill
for one of the extraneous offenses.  In
issue four, appellant contends the trial court erred by excluding evidence a
grand jury had no-billed the extraneous offense alleged by R.C.  We disagree.








Appellant concedes no-billed conduct is admissible as an
extraneous offense.  See Rachal v. State, 917 S.W.2d 799, 807 (Tex.
Crim. App. 1996) (regarding admissibility at punishment phase).  Nevertheless,
he argues evidence a grand jury chose not to indict should also be admitted,
contending, AIt was incumbent on the State to offer evidence which
it believed beyond a reasonable doubt.@  In support, he
cites George v. State, 890 S.W.2d 73, 76 (Tex. Crim. App. 1994).

Appellant=s reliance on George is misplaced. 
The George court held Athe trial court must instruct the jury not
to consider extraneous offense evidence admitted for a limited purpose unless
it believes beyond a reasonable doubt that the defendant committed the
extraneous offense@ if the defendant requests jury
instructions as to extraneous offense evidence at the guilt/innocence phase of
the trial.  Id.  The holding in George addresses how to instruct
the jury to weigh the evidence, not the standard for admission of extraneous
offense evidence.[2]








The duty of a grand jury is to determine whether evidence
exists to charge a person formally with an offense.  See Rachal, 917 S.W.2d at 807.  AA Grand Jury=s no-bill is merely a finding that
the specific evidence brought before the particular Grand Jury did not convince
them to formally charge the accused with the offense alleged.@  Id.  In Smith v. State,
the court of criminal appeals held a prior no-bill for the charged offense was
not material in any way to the defense of a case and evidence of a grand jury=s once having no-billed the charged
offense was properly excluded.   474 S.W.2d 486, 489 (Tex. Crim. App. 1971).  Just as the trial court properly
excluded evidence of a prior no-bill of the charged offense in Smith,
the trial court in the present case properly excluded evidence of the no-bill
of the extraneous offense.

We
therefore overrule appellant=s fourth issue.

II.  Conclusion

Consistent
with the holding of the court of criminal appeals and having overruled
appellant=s remaining issues, we affirm the judgment of the trial court.

 

 

 

 

/s/        Charles W. Seymore

Justice

 

 

 

Panel consists of Chief Justice
Hedges and Justices Yates and Seymore.

Do Not Publish C Tex. R. App. P. 47.2(b).

 









[1]  The factual and procedural background have been set
forth in large part in this court=s
previous opinion and that of the court of criminal appeals.  See Bass v.
State, 222 S.W.3d 571, 573B74, 579B80 (Tex. App.CHouston
[14th Dist.] 2007), rev=d, 270 S.W.3d 557 (Tex. Crim.
App. 2008); see also Bass v. State, 270 S.W.3d 557, 557B62 (Tex. Crim. App. 2008).  We set forth additional
facts necessary to our analysis.





[2]  We note the trial court gave the following limiting
instruction after the testimony of each of the two extraneous-offense
witnesses:

 

Members of the jury, regarding the testimony
concerning the defendant=s involvement in another act, you cannot consider such
testimony for any purpose unless you first find from the testimony presented
beyond a reasonable doubt that the defendant committed these other acts, if
any.

 

Therefore, if the State has not proven the defendant=s involvement in those other acts, if any, beyond a
reasonable doubt or if you have a reasonable doubt of the defendant=s involvement, you shall not consider this testimony
for any purpose.