Affirmed and Memorandum Opinion filed December 7, 2010.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-09-00828-CR

___________________

 

Albert Alfonso Garza, Appellant

 

V.

 

The State of Texas, Appellee



 



 

On
Appeal from the 232nd District Court

Harris County,
Texas



Trial Court Cause No. 1169980

 



 

 

MEMORANDUM OPINION

            A jury convicted appellant Albert Alfonso Garza of
aggravated sexual assault of a child. In two issues, he challenges the
admission of evidence of extraneous offenses and the trial court’s refusal to
give a reasonable doubt instruction in regards to those offenses. Because the
character of the disputed offenses was not extraneous, we find no error and
affirm the judgment below.

BACKGROUND

            Appellant
was charged by indictment in December 2008. The indictment alleged that “on or
about June 30, 2006” appellant performed oral sex on the complainant, an eight-year-old
boy. In an interview with the complainant the day before trial, the prosecutor
learned that appellant may have committed the act on two prior occasions.
Believing these additional offenses to be extraneous, the prosecutor notified
appellant on the morning of trial of her intent to introduce testimony of the
other acts into evidence. Appellant objected to the inadequate notice and
orally moved for a continuance. The trial court denied his motion.

            Without
providing any specific dates, the complainant testified that he was sexually
assaulted sometime in the summer of 2006, when his family was visiting
appellant’s family for a weekend of barbecuing and swimming. The complainant
was in appellant’s bedroom when he asked appellant for permission to play a
video game. Appellant consented, but only on the condition that the complainant
first remove his clothes. After taking off his pants, the complainant testified
that appellant performed oral sex on him for about five seconds. The
complainant testified that appellant then exposed himself and asked that the
complainant perform oral sex on him as well. The complainant complied for two
or three seconds before ultimately feeling uncomfortable and leaving the room.

            The
outcry was made in February 2008. From then until trial, the complainant only
revealed to police a single incident of assault. The complainant testified that
he felt safe talking with the prosecutor though, and mentioned that appellant had
also assaulted him on two other occasions. The complainant testified that these
occasions occurred in the same place and at some time before the event
described during the summer of 2006. The only apparent variation on these
occasions was that the complainant was not asked to perform oral sex on
appellant.

            The
jury charge instructed that evidence of the two additional offenses was not
admitted for showing appellant’s propensity to act in conformity with that past
conduct. Instead, the charge instructed that evidence of these past wrongs was admitted
for the purpose of evaluating (1) appellant’s state of mind on the
occasion charged in the indictment, and (2) the previous and subsequent
relationship between appellant and the complainant. See Tex. Code Crim. Proc. Ann. art. 38.37
(West 2010). Appellant objected that the charge was erroneous because it did
not include an additional instruction on the burden of proof. According to
appellant, the charge should have included an instruction telling the jurors
not to consider evidence of the two prior offenses unless they were persuaded beyond
a reasonable doubt that the prior offenses had actually occurred. The trial
court overruled the objection.

            The
jury found appellant guilty and assessed punishment at ten years’ confinement.
Following the jury’s recommendation, the trial court suspended appellant’s
sentence and placed him on community supervision for a period of five years.
Appellant now argues that the trial court erred in (1) admitting evidence
of the extraneous offenses over his timely objection and request for a
continuance, and (2) refusing to include in the jury charge a reasonable
doubt instruction as to those extraneous offenses.

DISCUSSION

            Appellant
predicates both of his issues on the assumption that the two prior assaults
were offenses extraneous to the crime charged in the indictment. In his first
issue, he argues that adequate notice is required if the State wishes to
introduce any evidence of an extraneous offense. See id. Because notice
was first given on the morning of trial, appellant contends the trial court
abused its discretion in denying his motion for continuance. In his second
issue, appellant argues that because the additional offenses were extraneous,
the trial court was required to include a reasonable doubt instruction
pertaining to those offenses in the jury charge. See George v. State,
890 S.W.2d 73, 76 (Tex. Crim. App. 1994) (“[I]f the defendant so requests at
the guilt/innocence phase of trial, the trial court must instruct the jury not
to consider extraneous offense evidence admitted for a limited purpose unless
it believes beyond a reasonable doubt that the defendant committed the
extraneous offense.”). We overrule both issues because the two prior offenses
at issue were not extraneous.

           An
offense is not extraneous merely because the parties stipulated to that
characterization at trial. Sledge v. State, 953 S.W.2d 253, 256 (Tex.
Crim. App. 1997); Shea v. State, 167 S.W.3d 98, 103 n.2 (Tex. App.—Waco
2005, pet. ref’d). Regardless of whether the prior offense ultimately resulted
in prosecution, the offense is only extraneous if the charging papers fail to
reflect the act of misconduct. Rankin v. State, 953 S.W.2d 740, 741
(Tex. Crim. App. 1996).

Here, the indictment
charged appellant with performing oral sex on the complainant “on or about June
30, 2006.” The law is well-established that the State is not limited to
prosecuting an offense specifically committed on the date alleged in the
indictment. See Rodriguez v. State, 104 S.W.3d 87, 91 (Tex. Crim. App.
2003); Sledge, 953 S.W.2d at 256. Given the flexibility of the “on or
about” language, an offense falls within the terms of the indictment—and
therefore is not extraneous—so long as the offense is “alleged to have been
committed before the return of the indictment and within the limitations
period.” Ex parte Goodbread, 967 S.W.2d 859, 865 (Tex. Crim. App. 1998).
In 2006, the offense of aggravated sexual assault of a child carried a ten-year
statute of limitations beginning on the eighteenth birthday of the complainant.
Tex. Code Crim. Proc. Ann. art.
12.01(5) (West 2005). The two prior offenses in this case were alleged to have
occurred prior to or during the summer of 2006, when the complainant was eight
years old. Though the exact dates of the offenses remain unknown, they necessarily
precede the 2008 date of the indictment and fall within the limitations period.
Therefore, the offenses are not extraneous, as they are described within the
terms of the indictment.

            Because
the offenses are not extraneous, the prosecutor was not required to give timely
notice of her intent to introduce testimony of their commission into evidence.
Accordingly, we conclude that the trial court did not abuse its discretion in
denying appellant’s motion for continuance. Likewise, because the offenses are
described within the terms of the indictment, this case is not subject to the
line of authority requiring a reasonable doubt instruction. If appellant wanted
to limit the impact from the admission of prior offenses, his remedy was to
seek an election of the occurrences on which the State sought to rely for
conviction. See Rodriguez, 104 S.W.3d at 91. But the record does not
reflect any such request. We therefore overrule appellant’s two issues and
affirm the judgment of the trial court.

                                                                                    

                                                                        /s/        Tracy
Christopher

                                                                                    Justice

 

 

 

Panel consists of Justices
Seymore, Boyce, and Christopher.

Do
Not Publish — Tex. R. App. P. 47.2(b).