

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

---

### NO. PD-1094-15

---

### CHRISTOPHER EARL DARCY, Appellant

### v.

### THE STATE OF TEXAS

---

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW FROM THE SEVENTH COURT OF APPEALS MOORE COUNTY

---

**MEYERS, J., filed a concurring opinion.**

### C O N C U R R I N G   O P I N I O N

During Appellant's trial, a note that was written by a testifying witness was entered into evidence by the State without objection. The note was written by the witness and then passed to Appellant at the request of an investigator for the District Attorney's office who used it as part of an investigation into an illegal smuggling network in the county jail. On appeal, Appellant argued that admission of the note violated his Sixth Amendment right to counsel, and the court of appeals agreed. The court of appeals conducted a harm analysis and

concluded that under the circumstances of the case–including that the State emphasized the note in its case-in-chief and that the jury sent questions about the note during deliberations–it could not hold that the violation did not contribute to Appellant's conviction. The State now appeals to us, arguing that this issue was not preserved and that the court of appeals erred in not addressing preservation.

As the majority states, Appellant failed to preserve his complaints by not addressing them at trial, and is now prevented from raising them. However, Appellant argues only that the note was a violation of his right to counsel, and as Judge Johnson's concurring opinion points out, this argument is a weak one. Rather, the admission of the note was a clear attempt by the State to introduce evidence of the extraneous offense of smuggling contraband in the jail. Appellant should have objected to the admission of the note based on Texas Rules of Evidence Rule 404(b). If these objections were overruled, he should then have requested the judge to instruct the jury not to consider the extraneous offense evidence unless it believed beyond a reasonable doubt that he committed the extraneous offense. *Delgado v. State*, 235 S.W.3d 244, 251 (Tex. Crim. App. 2007); *George v. State*, 890 S.W.73, 76 (Tex. Crim. App. 1994). But Appellant's failure to make the objection or request the instruction allowed the jury to consider the note without appropriate instruction, which it obviously did, as evidenced by its question about Appellant's response to the note.

The note should not have been admitted because it was an attempt to introduce an irrelevant extraneous offense. However, the note was admitted because there was no

objection from Appellant at all. For this reason, Appellant has forfeited his right to raise his claims now and the court of appeals erred. Therefore, I concur in the judgment of the Court.

Meyers, J.

Filed: April 27, 2016

Publish